Bronson, Ch. J.
 

 The appeal was pending when the 7tn rule was adopted, and when it took effect: the respondent w’aited forty days after the rule took effect, and no copies of the case having been served within that time, he then proceeded, under the 7th rule, and entered an order dismissing the appeal. The first question is, whether the 7th rule applies to such a case, or whether it is governed by the former practice.
 
 (See Rule
 
 19.) A majority of the judges are of opinion that the rule applies; and consequently, that the appeal was regularly dismissed.
 

 2. After a réturn has been filed, we think a remittitur is proper whenever any order is made which finally disposes of the appeal, although it may not be an order on the merits. It is a mistake to suppose the court held otherwise in
 
 McFarlan
 
 v.
 
 Watson.
 
 There was an appeal in that case from a judgment and an order, and the appeal was dismissed so far as related to
 
 *561
 
 the order only; and yet the respondent took a remittitur, and sent back the judgment as well as the order. This was clearly irregular, and for that reason the respondent’s proceedings were set aside.
 

 3. Although the respondent has been regular, the appellant would be relieved on terms, if we had power to grant it; but as the cause has been regularly remitted to the supreme court, we no longer have jurisdiction, and cannot grant relief. The only remedy is a new appeal.
 

 4. Although the respondent may have charged too much costs, the remedy for that is by motion in the court below.
 

 Motion denied.
 
 *
 

 *
 

 See
 
 Thompson
 
 v.
 
 Blanchard,
 
 post.