## SUPERIOR COURT.

### BUCHANAN and another agt. MORRELL, O'HARA, SMITH and CAMPBELL.

The Code does not authorize an *extra allowance* of costs in an action by a judgment-creditor, to set aside transfers of property made by his debtor, and to procure the appointment of a receiver of such property, its proceeds and profits, and to compel the assignee to deliver such property and proceeds, and account for the same and its profits to the receiver, to be applied by the latter to pay the judgment. It is not one of the actions specially named in § 308.

It is not an action for the recovery of money, within the meaning of those words, as used in § 308, and sub. 4 of § 304.

Those words are used in the same sense in both of these sections, and do not include actions in which relief, other than a judgment for money, must be granted to enable a plaintiff to maintain the action: those words, as here used, mean an action in which the plaintiff merely seeks to recover a judgment for a sum named.

*At Chambers, Dec.,* 1856.

THE complaint having been dismissed, on a trial of this action by the court, the defendant O'Hara, and the defendants Campbell and Smith, composing the firm of John Campbell &

Buchanan and another agt. Morrell, O'Hara, Smith and Campbell.

Co., who appeared by different attorneys, and answered separately, move, severally, for an allowance, under §§ 308 and 309 of the Code. The action was brought by the plaintiffs, as judgment and execution creditors of *Morrell*, to obtain a judgment declaring the. sales and transfers of portions of his property to *O'Hara* void, as having been made with intent to defraud the creditors of Morrell; that a receiver of such property and effects be appointed; that O'Hara be compelled to account to the receiver for the property and its proceeds, and for the profits of the business in which he had used such property; and that Campbell and Smith be compelled to pay the receiver $1,500, alleged to have been received by them from O'Hara, from the proceeds of such property; and that the moneys which the receiver might be so paid, or might realize from such property, be applied to pay the plaintiffs' judgments.

The complaint charged that the sales by Morrell to O'Hara were in pursuance and execution of a scheme devised between them and Smith to defraud Morrell's creditors—Smith being the contriver of it, and directing the operations of executing it.

It is alleged that Morrell mortgaged a portion of his chattels to Campbell and Smith, worth about $4,000, to secure $5,500; and also alleged facts which, if true, would show the mortgage to be fraudulent and void, as against the creditors of Morrell. This mortgage, as part of and in execution of the scheme to defraud, was foreclosed, and the property bid in by Smith at $4,000: the property was immediately transferred to O'Hara, who paid him therefor $5,500, the amount of the mortgage. Smith paid the money to his firm, which was composed of Campbell and himself.

The complaint prayed that the receivership be also extended to this mortgaged property, its proceeds and the profits thereof.

O'Hara appeared and answered by Thompson & Kellogg, as his attorneys, and Campbell & Smith by C. Lawton, Esq. The action was tried by the court, and the complaint dismissed with costs. The trial occupied a little over nine days; and the case may be called, with propriety, a difficult and extraordinary one.

Buchanan and another agt. Morrell, O'Hara, Smith and Campbell.

D. D. FIELD, *for plaintiffs.*
A. THOMPSON, *for defendant O'Hara.*
C. LAWTON, *for defendants Campbell & Smith.*

BOSWORTH, Justice. The plaintiff opposes the motion on the ground, among others, that the court has no power to grant an allowance.

The prosecution of this action has not been unreasonably or unfairly conducted. The action is not one for the recovery of real or personal property, or for the partition of real property, or for the foreclosure of a mortgage: nor is it one in which a warrant of attachment has been issued, or for the construction of a will, or other instrument in writing: nor is it a proceeding to compel the determination of claims to real property. The only other action in which an allowance can be made, is one " for the recovery of money." (*Code*, § 308.)

What do the words " for the recovery of money" mean, as used in this section?

They are used in other parts of title 10, which contains the provisions relating to costs. By § 304, sub. 4, if the plaintiff recovers $50, "in an action for the recovery of money," he recovers costs as a matter of course. By § 305, costs are to be allowed to the defendant in such an action, as a matter of course. In all actions, except those enumerated in § 304, costs may be allowed or not, in the discretion of the court. (§ 306.)

Section 308 employs the words, "for the recovery of money," in the same sense in which they are used in § 304. Hence § 309, in prescribing the means of ascertaining the extent of the allowance, declares that, in an action for the recovery of money, the rate shall be estimated, if the allowance be to the plaintiff, " upon the amount of money recovered." If to the defendant, it shall be upon the amount of money claimed by the plaintiff.

By § 310, when the judgment is " for the recovery of money," interest, from the time of the verdict or report, shall be computed by the clerk, and added to the costs of the party entitled thereto.

" An action for the recovery of money," as those words are used in § 308, is an action in which the complaint prays for a judgment, that the plaintiff recover of the defendant a sum named. If it prays for other relief, the granting of which is essential to maintain the action, the action is not one for the recovery of money, within the meaning of § 308, although the ultimate end sought to be obtained is to realize money. Actions for the recovery of money, within the meaning of § 308, are actions in which a plaintiff recovers costs as a matter of course, under sub. 4 of § 304, if he recovers $50; and in which he must pay them as a matter of course, if he recovers less, unless the case comes within *sub.* 3 of that section. The costs of this action were allowable to the defendant or not, as the court in its discretion might deem just, under § 306.

The complaint contains no prayer that the plaintiffs recover of either defendant any money. The whole relief sought is special, and if granted, in whole or in part, so that the plaintiffs might ultimately obtain satisfaction of their judgment by means of such relief, it would be, by its being paid through the instrumentality of a receiver appointed by the court, and acting under its authority. The nature of the action is to be determined by the allegations of the complaint, and the relief it prays for. (*Code,* § 275.)

Under any other construction, an action of partition, when the property is indivisible, a partition can only be made by a sale and distribution of the proceeds, may, in one sense, be deemed an action for the recovery of money. It is contended, that the specification of some or any of the actions named in the last paragraph of § 308, was unnecessary; if without it, the section would include all actions, in which the plaintiff, in effect, recovers money. To this it may be answered, that in the actions specified in that paragraph an allowance may be made, though no trial has been had, provided the facts there stated exist.

As the general rule, a trial must have been had, in an action for the recovery of money, to authorize an allowance. But if a warrant of attachment has been issued, there may be an allow-

Buchanan and another agt. Morrell, O'Hara, Smith and Campbell.

ance, although no trial has been had, and although the action is for the recovery of money only.   This shows that the actions enumerated in the last paragraph were not so specified, because none of them were deemed actions for the recovery of money, but to authorize an allowance, in some actions which are clearly of that character, for other reasons than that a trial had been had, or that the case was difficult or extraordinary.

The object of this action was to reach certain property and its proceeds; and failing to find them, to compel the parties, who had applied them to their own use, to pay to a receiver sufficient of these amounts or value to satisfy the plaintiffs' judgment, to be applied by the receiver to that purpose.

Still it is not an action "for the recovery of money," in the meaning of these words, as used in sub. 4 of § 304.   I think they have the same meaning in § 308 as in § 304.

The motion must, therefore, be denied, because this case is not covered by § 308.   If the case fell within that section, I should not deem it my duty to grant an allowance to O'Hara, although I have acquitted him of being a party, or privy to any scheme or intent to defraud the creditors of Morrell.   The plaintiffs had strong reasons for disbelieving in his good faith in the transactions.

The case of the defendant Smith is different : and I should deem it proper to make him a fair allowance, if I thought I had the power to do so.

The motions are denied, but without costs.

DUER and WOODRUFF, JJ., on consultation, concurred.