STEVENS v. NEW YORK EL. R. CO. <em>et al.</em>

(<em>Superior Court of New York City, General Term.</em>  May 5, 1890.)

1. COSTS—REASONABLE AND NECESSARY DISBURSEMENTS—STENOGRAPHER'S FEES.

The fees of the stenographer for a copy of his minutes are taxable as a reasonable and necessary disbursement on appeal, on proof that the copy was necessary to enable respondent to propose amendments to the proposed case. Distinguishing *Apparatus Co.* v. *Sargent*, 43 Hun, 154.

2. SAME—RETAXATION—WAIVER—APPEAL.

An appeal from a judgment is a waiver of the right to move for a retaxation of costs.

Appeal from special term.

Action by Byam K. Stevens against the New York Elevated Railroad Company and another. Defendants' motion for a retaxation of costs, where the clerk taxed the cost of the stenographer's minutes used by the plaintiff in preparing amendments to the proposed case on appeal, was denied. The defendants' affidavits showed that the copy of the minutes had been procured after the trial, and before the decision of the court at the trial term. Defendants appeal. For former report, see 8 N. Y. Supp. 313.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.
*Davies & Rapallo,* for appellants.    *G. Willett Van Nest,* for respondent.

PER CURIAM.    The expense incurred for procuring a copy of the stenographer's minutes was allowed by the clerk as a reasonable and necessary disbursement on appeal, upon proof by affidavit that such copy was necessary to enable the respondent to propose amendments to appellants' proposed case, and to make at the end of each amendment the proper reference to the stenographer's minutes, as required by rule 9 of this court.    To such a state of facts the opinion expressed in *Apparatus Co.* v. *Sargent,* 43 Hun, 154, to the effect that the fees of a stenographer for a copy of his minutes are not taxable, even when procured for the purpose of enabling a party to propose amendments to a case, does not strictly apply.    Moreover, the cases cited in support of said opinion are all cases where the fees were sought to be taxed on the entry of the original judgment, and not on appeal.

In addition, it was shown in the case at bar, in opposition to the motion for a retaxation, that the defendants had appealed to the court of appeals. This constituted, even under the decision of *Apparatus Co.* v. *Sargent,* a waiver of the right to move for a retaxation.    Under all the circumstances, the learned judge below was right in denying defendants' motion for a retaxation, and the order appealed from should be affirmed, with $10 costs and disbursements.    All concur.