### McDERMOTT et al. v. YVELIN.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

COSTS—RETAXATION—APPEAL.

    Under Code Civ. Proc. § 3264, providing that the court may in its discretion, on the application of a party interested, direct a retaxation of costs at any time, a motion for retaxation promptly made was not affected by an appeal from the judgment taken, and undertaking given, by defendant.

Appeal from Special Term, New York County.

Action by James W. McDermott and another against Cordelia E. Yvelin. From an order denying a motion for retaxation of costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles A. Decker, for appellant.
William A. Campbell, for respondents.

McLAUGHLIN, J. The issues in this action were sent to a referee, who made a report in favor of the plaintiffs, upon which judgment was entered on the 19th of December, and the costs taxed, without notice to the defendant, at $897.99; and on the same day a copy of the judgment, with notice of entry, and a copy of the bill of costs, were served on the attorneys for the defendant, with notice of retaxation for December 21st. On the 20th of December the defendant served an undertaking on appeal from the judgment, and on the 21st the retaxation was adjourned until the following day, when the costs were retaxed at the same amount at which they had been originally taxed. On the 24th of December the defendant served a notice of appeal from the judgment, and on the 31st of December made a motion to retax the costs and to strike out certain items which had been allowed by the clerk. The motion was denied, and the defendant has appealed.

The order appealed from must be reversed, because the learned justice did not pass upon the merits of the motion, inasmuch as he supposed, as appears from his opinion, he was precluded from so doing by reason of the defendant's appeal from the judgment. In reaching such conclusion, however, he inadvertently overlooked the provisions of section 3264 of the Code of Civil Procedure, which provide that "the court may, in its discretion, upon the application of the party interested, direct a retaxation of costs at any time." The motion was promptly made, and, under this section, defendant was

entitled to have its merits considered and passed upon. The fact that an appeal had been taken from the judgment did not affect this right, any more than did the giving of the undertaking, and to so hold would be, in effect, to repeal the provisions of the section of the Code referred to. The authorities cited by the learned justice in his opinion are not in point. Guckenheimer v. Angevine, 16 Hun, 453, was decided in January, 1879, and the section of the Code cited did not take effect until 1880. Pfaudler Co. v. Sargent, 43 Hun, 154, and Stevens v. N. Y. El. R. R. Co. (Super. Ct.) 9 N. Y. Supp. 707, were decided upon the authority of Guckenheimer v. Angevine, supra, and in both of those cases an appeal had been taken to the Court of Appeals before the motion for a retaxation was made. On the merits it would seem, upon the papers presented, that the motion, at least in part, should have been granted.

There was no stipulation fixing the referee's fees, and the amount charged would seem to be in excess of that which the statute allows. However, this question is not now before us, and it is unnecessary to consider it.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term to pass upon the merits of the motion. All concur.