JAMES W. McDERMOTT and CHARLES J. McDERMOTT, Respondents, *v.* CORDELIA E. YVELIN, Appellant.

*Costs — a retaxation of, may be ordered twelve days after the entry of judgment and after an appeal therefrom and an undertaking have been served by the moving party.*

Under section 3264 of the Code of Civil Procedure, which provides, "the court may, in its discretion, upon the application of a party interested, direct a retaxation of costs *at any time*," a defendant who, twelve days after the entry of a judgment against him, makes a motion for a retaxation ·of the costs included in said judgment, is entitled to have the motion considered upon the merits, notwithstanding that during the interval he has taken an appeal from the judgment and served an undertaking on such appeal.

APPEAL by the defendant, Cordelia E. Yvelin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of January, 1905, denying the defendant's motion for a retaxation of costs.

*Charles A. Decker*, for the appellant.

*William A. Campbell*, for the respondents.

McLAUGHLIN, J.:

The issues in this action were sent to a referee, who made a report in favor of the plaintiffs, upon which judgment was entered on the 19th of December, 1904, and the costs were taxed, without notice to the defendant, at $897.99, and on the same day a copy of the judgment, with notice of entry, and a copy of the bill of costs were served on the attorneys for the defendant, with notice of retaxation for

December twenty-first. On the twentieth of December the defendant served an undertaking on appeal from the judgment, and on the twenty-first the retaxation was adjourned until the following day, when the costs were retaxed at the same amount at which they had been originally taxed. On the twenty-fourth of December the defendant served a notice of appeal from the judgment, and on the thirty-first of December made a motion to retax the costs and to strike out certain items which had been allowed by the clerk. The motion was denied and the defendant has appealed.

The order appealed from must be reversed because the learned justice did not pass upon the merits of the motion, inasmuch as he supposed, as appears from his opinion, he was precluded from so doing by reason of the defendant's appeal from the judgment. In reaching such conclusion, however, he inadvertently overlooked the provisions of section 3264 of the Code of Civil Procedure, which provide that, " the court may, in its discretion, upon the application of a party interested, direct a retaxation of costs *at any time.*" The motion was promptly made, and under this section defendant was entitled to have its merits considered and passed upon. The fact that an appeal had been taken from the judgment did not affect this right, any more than did the giving of the undertaking, and to so hold would be, in effect, to repeal the provisions of the section of the Code of Civil Procedure referred to.

The authorities cited by the learned justice in his opinion are not in point. *Guckenheimer* v. *Angevine* (16 Hun, 453) was decided in January, 1879, and the section of the Code of Civil Procedure cited did not take effect until September 1, 1880 (Code Civ. Proc. § 3356). *Pfaudler Co.* v. *Sargent* (43 Hun, 154) and *Stevens* v. *N. Y. El. R. Co.* (9 N. Y. Supp. 707) were decided upon the authority of *Guckenheimer* v. *Angevine* (*supra*), and in both of those cases an appeal had been taken to the Court of Appeals before the motion for a retaxation was made.

On the merits it would seem, upon the papers presented, that the motion, at least in part, should have been granted. There was no stipulation fixing the referee's fees and the amount charged would seem to be in excess of that which section 3296 of the Code of Civil Procedure allows. However, this question is not now before us and it is unnecessary to consider it.

The order appealed from, therefore, must. be reversed, with ten dollars costs and disbursements, and the matter remitted to the Special Term to pass upon the merits of the motion.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and matter remitted to Special Term.