EDWARD P. CARR, Plaintiff, *v.* OSWALD C. STACKHOUSE and Others, Defendants.

Supreme Court, Kings Special Term, August, 1922.

Costs — right to retaxation not waived by appeal — judgment creditor's action — no right to statutory allowance as in action to determine claim to real property — costs of stenographer's minutes not taxable — Civil Practice Act, §§ 1512, 1535.

The service by a defendant of a notice of appeal from a judgment entered against him is not a waiver of his rights to move for a retaxation of plaintiff's bill of costs.

Under section 1535 of the Civil Practice Act a motion to review a taxation of costs
may be considered upon the merits notwithstanding an appeal had been taken
from the judgment before the motion is made.

Though a judgment creditor's action to set aside a conveyance made by the judg-
ment debtor in fraud of creditors is in a broad sense brought to determine a claim
to real property, the successful plaintiff is not entitled to include in his bill of
costs an item of sixty dollars under section 1512 of the Civil Practice Act nor an
item for the amount paid for the stenographer's minutes.

A motion to review the taxation of plaintiff's bill of costs, which on retaxation
included the above mentioned items, will be granted on the ground that said
items were improperly taxed.

MOTION to retax costs in judgment creditor's action.

*Isidor Neuwirth*, for plaintiff.

*Foster & Newman* (*Ernest J. Magan*, of counsel), for defendant
Carr.

CROPSEY, J. This is a judgment creditor's action in which he
has obtained judgment. This motion challenges the propriety of
the allowance of two items in plaintiff's bill of costs. One is the
item of $60, so-called statutory allowance, and the other an item
of $102.30 paid for stenographer's minutes.

The judgment was entered on June 15, 1922. The costs were
retaxed on June 21, 1922. On June 24, 1922, defendant Carr
served and filed a notice of appeal from the judgment. The notice
of motion to review the taxation is dated July 20, 1922. Plaintiff
contends that the defendant, by appealing from the judgment
before moving to review the taxation, has waived any right to
such review. And he cites *Stevens* v. *N. Y. Elevated R. R. Co.*,
9 N. Y. Supp. 707; *Guckenheimer* v. *Angevine*, 16 Hun, 453;
*Pfaudler* v. *Sargent*, 43 id. 154. The language in these cases does
support that contention. But I think such a holding is plainly
unsound. There is nothing inconsistent between appealing from
the judgment and moving to review the taxation of costs. Upon
the appeal from the judgment no question as to the amount or
propriety of any item of costs can be considered. The only way
to have those questions reviewed is by a motion such as this. It
may be the defendant sought to secure a stay of the judgment
pending appeal and hence served the notice of appeal promptly.
But whatever the reason may have been, I hold that the service
of the notice of appeal was not a waiver of the right to move to
review the taxation of costs. It may be the right to make such
a motion could be lost by delay in exercising the right. But there
has been no unreasonable delay in this instance. Section 3264
of the Code of Civil Proceedure (Civil Practice Act, § 1535) provides
that the court may direct a retaxation of costs " at any time."

Under this section it has been held that the motion to review the taxation may be considered upon the merits notwithstanding an appeal from the judgment had been taken before the motion was made. *McDermott* v. *Yvelin*, 103 App. Div. 418. The cited case in effect disapproves and overrules the cases relied on by the plaintiff. Hence the questions must be reviewed on their merits.

Plaintiff claims the right to a statutory allowance under section 3252 of the Code of Civil Proceedure (Civil Practice Act, § 1512). The portion of the section claimed to be applicable provides that such an allowance may be granted in an action brought " to compel the determination of a claim to real property." This is a judgment creditor's action brought to set aside a conveyance made by the judgment debtor in fraud of his creditor. In a broad sense it is an action brought to determine a claim to real property. But does the quoted language mean that such an allowance may be made in every case involving a claim to real property? If that were the intention of the framers of the act it is not probable that they would have specified as they did in the same section that such an allowance might be granted in an action to foreclose a mortgage upon real property, or for a partition of real property. I think the language must be given a more restricted meaning. It is not intended to apply to every action involving the determination of a claim to real property. The quoted words are indicative of the actions to which they are applicable. They are identically the same words that appear at the heading of article 5 of title 1 of chapter 14 of the Code of Civil Proceedure (§§ 1638-1650). And the action referred to in that article is not a judgment creditor's action. That such an allowance may not be made in a judgment creditor's action has been expressly held in the only case that has been called to my attention. *Buchanan* v. *Morrell*, 13 How. Pr. 296. Sections 1638 to 1650 of the Code of Civil Proceedure were omitted from the Practice Act but were carried into the Real Property Law as sections 500 to 512, constituting article 15 thereof, which article is headed the same as the former article in the Code of Civil Proceedure was headed.

The stenographer's minutes were ordered by the trial court. The plaintiff paid the stenographer for them and taxed the amount in his costs. Section 300 of the Judiciary Law requires stenographers to furnish copies of minutes to the court " without charge." That section also provides that it " does not affect a provision of law, authorizing the judge to direct a party or the parties to an action, or special proceeding, or the county treasurer, to pay the stenographer's fees for such a copy." Section 251 of the former Code of Civil Proceedure was such a provision of law as the quoted portion

of the Judiciary Law evidently referred to. That section provided that where the court required the stenographer's minutes an order might be made directing the cost of them to be paid equally by each party. Upon the adoption of the Civil Practice Act this section 251 was repealed and it was not re-enacted in any form. The table in the Civil Practice Act showing the distribution of the sections of the Code of Civil Proceedure states that section 251 was " omitted as covered by Judiciary Law, section 300." But section 300 of the Judiciary Law does not cover the provisions of former section 251 of the Code of Civil Proceedure. It is true both sections refer to the same matter, namely, the furnishing of stenographer's minutes for the use of the court. But section 300 provides that they shall be furnished without charge, making the exception where, under other provision of law, the court directs the parties to the action to pay for them. Section 251 of the Code of Civil Proceedure was such other provision of law and gave the court power upon ordering the minutes to direct the litigants to pay the stenographer therefor. That section having been repealed, and there being no other provision of law — at least none brought to my attention — authorizing the court to compel the parties to pay for the minutes, the provisions of section 300 of the Judiciary Law requiring them to be furnished " without charge " must control. But even if the provisions of section 251 were still in force, plaintiff would not be entitled to tax this expense, because, while he shows that the minutes were ordered by the court, he does not show that the court directed the parties to pay for them.

It follows that both items were improperly taxed, and hence the motion is granted, with ten dollars costs.

Judgment accordingly.