EMPIRE PRODUCE COMPANY and Another, Plaintiffs, *v.* HARRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, and Others, Defendants.

Supreme Court, Steuben County, July 23, 1927.

Costs — retaxation — appeal from judgment awarding costs does not waive right of appellant to retaxation — retaxation may be had at any time, under Civil Practice Act, § 1535 — judgment was entered March 30, 1925 — judgment awarded costs to separate defendants who appeared by separate attorneys — judgment on appeal struck out provision for extra allowance — motion for retaxation made after determination of appeal was made in time — costs for depositions allowed at ten dollars for appearance before each referee.

The appeal taken by the plaintiffs from a judgment entered on March 30, 1925, did not waive the plaintiffs' right to have the costs retaxed after the determination of the appeal, for, under section 1535 of the Civil Practice Act, the court in its discretion may direct a retaxation of costs at any time.

Since it appears that the judgment entered awarded a separate bill of costs to separate defendants who appeared by separate attorneys, and also directed an extra allowance, and since it further appears that the direction for an extra allowance was reversed by the Appellate Division, the plaintiffs' motion for retaxation of costs made on determination of the appeal, was made in time.

The defendants are entitled to ten dollars costs for appearance before each referee before whom depositions were taken, but they are not entitled to ten dollars costs for the deposition of each witness.

MOTION for a retaxation of costs.

*Harry K. Brown* [*John Griffin* of counsel], for the plaintiffs, for the motion.

*Sebring & King* [*George A. King* of counsel], for the defendants, opposed.

RIPPEY, J.   This action was commenced and prosecuted in good faith by creditors of the American Railway Brotherhood Association, Inc., to recover from its stockholders unpaid stock subscriptions. The issues were referred to Hon. John L. Lambert to hear, try and determine.   Upon findings of the referee, a judgment was entered by defendants represented by James O. Sebring and George A. King dismissing the complaint upon the merits and this judgment has been sustained upon appeal.   The referee held " that the defendants who have appeared and answered are entitled to their costs against the plaintiffs including an additional allowance of five per cent upon $6,000.00, the amount claimed in the complaint."   The effect of this direction was to allow separate bills of costs to the several groups of defendants appearing by separate attorneys and answering.

Accordingly, James O. Sebring, who appeared and filed answers for 109 of the defendants, taxed costs against plaintiffs and entered judgment for $1,831.25, and George A. King, who appeared and answered for a single defendant, one Coogan, taxed costs against plaintiffs for $1,777.25. Both bills of costs were taxed by the clerk without notice to plaintiffs and both items were included in the single judgment entered on March 30, 1925, by the two attorneys. The Appellate Division modified the judgment upon appeal in so far as it provided for costs, by reversing the referee in awarding the extra allowance of $300, which was taxed in each bill of costs, but left unmodified and unreversed the finding that authorized a separate bill of costs to the defendants represented by Mr. Sebring and another bill to Coogan.

Motion is now made by plaintiffs under section 1536 of the Civil Practice Act to retax these costs and defendants object on the ground that plaintiffs have waived their right to a retaxation by appealing from the judgment which was for the costs as taxed. Section 1535 of the Civil Practice Act provides, among other things, that " The court, in its discretion, upon the application of a party interested, may direct a retaxation of costs *at any time.*" Right to move for a retaxation of costs was not waived by the plaintiff by the appeal from the judgment of March 30, 1925, which provided for recovery of costs by defendants. (*Carr* v. *Stackhouse*, 119 Misc. 202; *McDermott* v. *Yvelin*, 103 App. Div. 418.) The only way in which the question of the correctness of the costs can be reached is by motion to retax under section 1536 of the Civil Practice Act, or to correct the judgment; appeal from the judgment is not the proper remedy. (*Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48; *Dresser* v. *Brooks*, 2 id. 559; 4 How. Pr. 207.)

A party may lose his right to move for a retaxation through laches. Costs were taxed by the Steuben county clerk on March 30, 1925. Service of the bill of costs as taxed with notice of retaxation for April 4, 1925, was made by mail and received by Harry K. Brown, the attorney representing plaintiffs, on April 5, 1925. Under such service defendants were not entitled to retax the costs. Another notice of retaxation for April 11, 1925, was served. On April 7, 1925, the clerk was notified in writing that plaintiffs objected to the costs as taxed and was requested to adjourn the retaxation to give plaintiffs time to file objections and affidavits and the clerk wrote, in reply, that plaintiffs should file their objections and send a copy to defendants' attorneys and " it is adjourned to any time to suit you and Mr. Sebring." On May 14, 1925, plaintiffs filed their objections and the affidavit of

Mr. Griffin. No date was fixed for the retaxation and the costs have never been retaxed by the clerk. Various appeals and proceedings were had in connection with the litigation which were not terminated until April, 1927. It would have been unnecessary for plaintiffs to move to retax costs had they been successful in some of this litigation. It was not until after March, 1927, that it was finally settled that plaintiffs must move to protect themselves against excessive items in the bills of costs. On March 12, 1927, plaintiffs' attorney called the attention of the attorneys for defendants to the fact that costs had not been retaxed, and in reply the only objection raised was that retaxation was barred by the appeals from the judgment. Thereafter defendants' attorneys issued executions on the judgment. A sufficient excuse for delay in making this motion has been advanced and plaintiffs are not barred from seeking a readjustment of costs upon the merits. In each bill of costs is an item of one thousand three hundred and sixty dollars for taking the depositions of 136 defendants at ten dollars each. Suitable objections are made to these items supported by an affidavit filed with the clerk. These items were claimed by defendants under section 1504, subdivision 3, paragraph h of the Civil Practice Act which awards to either party entitled to costs "For taking the deposition in a court of record of a witness or of a party or of a person who expects to be a party, ten dollars." There is a conflict between the parties as to the number of persons whose depositions were taken but it is not necessary to determine that question. Various parties were examined before a referee in Hornell and the rest were examined before a referee in Buffalo. The defendants represented by Mr. Sebring can recover no more than ten dollars for taking the depositions of the parties before each of the two referees, regardless of the number examined (*Burns* v. *D., L. & W. R. R. Co.*, 135 N. Y. 268) and Coogan can recover only ten dollars for the taking of his deposition.

The following items of costs only should be allowed: To the defendants appearing by James O. Sebring, ten dollars for proceedings before and fifteen dollars for proceedings after notice of trial; trial fee forty dollars; term fees fifty dollars; disbursements as taxed forty-five dollars and twenty-five cents; for taking depositions twenty dollars and motion costs ten dollars, making a total of one hundred and ninety dollars and twenty-five cents. To the defendant Coogan twenty-five dollars for proceedings before and after notice of trial; trial fee forty dollars; term fees fifty dollars; disbursements as taxed two dollars and twenty-five cents, and for taking deposition ten dollars, making a total of one hundred and twenty-seven dollars and twenty-five cents. Plaintiffs should

be allowed ten dollars costs of this motion to be set off one-half against each bill of costs. The clerk should be directed to retax the costs accordingly and the sheriff directed to deduct upon the executions outstanding the amounts deducted upon retaxation.

So ordered.