Edgar J. Nathan, Jr., J.
Cross applications for an order directing the depository to pay moneys out of funds in accordance with the judgment entered herein and to fix the amount of interest on the sums to be paid the respective parties.
Under an order of this court, plaintiff deposited $180,000 on January 27, 1956, with the Marine Midland Trust Co. to await the determination of this action. On June 4, 1957, a judgment was entered directing the depository to pay plaintiff out of such fund the sum of $58,544.33 with 6% interest from December 1, 1955. The judgment also directed that the balance remaining *328 in the fund with accrued bank interest on the deposit to be paid to defendant.
Both parties appealed to the Appellate Division which affirmed the judgment (4 A D 2d 1035) and judgment of affirmance was entered February 26, 1958. Thereafter plaintiff appealed to the Court of Appeals and judgment of affirmance with $715.38 costs was entered against plaintiff (6 N Y 2d 966) whose subsequent motion for reargument was denied on December 10, 1959.
Thereafter demands were served on the depository for payment of the judgment out of the deposit of $180,000, plaintiff claiming $64,689.72 and the defendant $141,184.91, both amounts including 6% interest.
No dispute arises as to the interest of $8,490.61 earned on the deposit up to May 26, 1958, which was paid to the plaintiff. The latter concedes that such sum belongs to the defendant who is also entitled to $755.51 representing the costs awarded him on the appeal to the Court of Appeals. The sole question remaining is the computation of interest on the respective amounts awarded the parties on the judgment of June 4, 1957, to the date of payment.
Ordinarily the filing of an appeal does not stay the receiving of interest on the judgment if the appellant is unsuccessful on the appeal. Consequently, the plaintiff by delaying the payment of the defendant’s judgment would be liable for the payment of interest. Likewise the defendant would be similarly obligated to pay interest on plaintiff’s judgment if he alone had made a futile appeal. (Matter of Garrabrant, 178 App. Div. 23.) Since both parties filed cross appeals to the Appellate Division, the delay in satisfying the judgment is the responsibility of both of them. Under these circumstances interest in the amounts awarded by the judgment of June 4, 1957, was suspended until Febzazary 26, 1958, when the judgment of affirmance by the Appellate Division was entered (see 47 C. J. S., Interest, § 59, p. 69). Although neither party is entitled to interest on the judgment up to February 26,1958, the defendant is entitled to legal interest on the amount due it under the judgment after the aforesaid date inasmuch as the delay in payznent thereafter was caused by plaintiff’s unsuccessful appeal to the Court of Appeals (Matter of Dodge, 47 N. Y. S. 2d 30; Matter of Borden, 182 Misc. 501).
In view of the fact that plaintiff’s motion in the Court of Appeals for reargument was denied on December 10, 1959 and the moneys were being held in the custody of the court thereafter until the further order of this court, the parties are entitled to participate only in the interest earned on the deposit *329 after December 10, 1959. To allow 6% interest after that date would be inequitable inasmuch as the depository could not pay out the moneys until proper demands were made upon it to disburse the amount due under the judgment. Here the demands were not made until the beginning of February, 1960 and the discrepancy between the amounts demanded on the fund on deposit precluded payment until an order of this court apportioning the sums due the parties herein was served. Therefore, interest on the judgment is suspended after December 10, 1959, because of the delay resulting from the serving of the demands, the inaccuracy of the claims and the necessity of determining the amounts due pursuant to the pending applications.
Accordingly, the plaintiff’s award of $58,544.33 plus 6% interest from December 1, 1955 to June 4, 1957, less the bank interest of $8,490.61 received by plaintiff, must be further reduced by the interest on that portion of the sum awarded defendant from the deposit from February 26, 1958 through December 10, 1959, and the appeal costs of $755.51. The balance remaining shall be paid to defendant. Custodial fees and attorney’s fees are denied to the custodial bank as it is not liable for interest and no legal services were rendered herein.
The computations shall be calculated by the respective parties in conformity with the foregoing. If the parties cannot agree, they shall submit their schedules showing the details of their claims with the order to be settled herein. In addition the order shall provide for the delivery of the 9,362 shares of stock to plaintiff.