S. Samuel Di Falco, S.
The movant herein seeks to punish the administrators for contempt for failure to obey a decree of this court dated July 17, 1962 which directed payment to the petitioner of attorney’s fees and disbursements. The only question at issue at this time is whether the petitioner is entitled to the payment of interest on the amount awarded to him in the decree which was entered on July 17,1962.
The United States Government opposes the allowance of interest on the ground that its tax claim which exceeds the value of the entire estate has priority over the interest which has accrued subsequent to the entry of the decree. This court is not in agreement with the position taken by the United States Government.
The delay in payment in the first instance was caused by the filing of a notice of appeal from this court’s decree by .the United States Government. Thereafter because of the failure of the Government to perfect its appeal a motion was made in the Appellate Division to dismiss the appeal. The motion was conditionally granted and on March 22, 1963 the United States Government stipulated to withdraw its notice of appeal.
*447 A decree of this court is entitled to the same force and effect as a judgment entered in any court of record (Surrogate’s Ct. Act, § 80) and under the provisions of section 481 of the Civil Practice Act a judgment bears interest from the date of its entry. Interest which has accrued on the amount awarded in the decree is by reason of the statutory provision as much a part thereof as the original award (Feldman v. Brodsky, 12 A D 2d 347, affg. 26 Misc 2d 327; Prager v. New Jersey Fid. & Plate Glass Ins. Co., 245 N. Y. 1; United States v. Rogers, 255 U. S. 163; Seaboard Air Line Ry. Co. v. United States, 261 U. S. 299). It is conceded that attorney’s fees as part of administration expenses have priority over the tax claim of the United States and as the accrued interest is part of the award for attorney’s fees it too is an administration expense which has priority over the tax claim of the United States. The application to punish the administrators for contempt is therefore granted unless the allowance to the petitioner directed to be paid by the decree of this court dated July 17, 1962, plus interest to the date of payment, is paid within 20 days after the date of the entry of the order to be made hereon.