G. Robert Witmer, J.
Defendants have moved for an order retaxing costs herein, striking from the bill of costs five items, to wit, (1) interest on the verdicts, (2) fees paid to three doctors, (3) fees for serving subpoenas, (4) Sheriff’s fees on execution and (5) part of the costs taxed for an examination before trial.
Upon the argument plaintiffs conceded that item (3), consisting of $8.60 taxed for service of subpoenas was improperly included and may be stricken; and it is so ordered. Although defendants argued that item (4) for Sheriff’s fees on execution should not be in the bill of costs because defendants will pay the judgment without the need of execution, they conceded upon the argument that subdivision 8 of section 1518 of the Civil Practice act expressly authorizes that Sheriff’s fees for receiving and returning one execution may be taxed and were properly taxed; and the motion to strike this item is denied.
As to fees paid to three doctors, item (2), it appears that plaintiffs did not subpoena the doctors, nor did they tax the amount which they in fact paid the doctors for their services in appearing in court, but they charged only 50 cents per day for each doctor. Defendants contend that since the doctors were not in fact subpoenaed, no witness fees may be taxed with respect to them. Subdivision 1 of section 1518 of the Civil Practice Act provides that legal witness fees may be taxed. Section 1539 of said act provides that “ [a] witness in an action * * * attending before a court of record * * * is entitled * * * for each day’s actual attendance to fifty cents ”. There is no express requirement that the witness be subpoenaed. In fact, to impose such a requirement might result in otherwise unnecessary service of subpoenas. The motion to strike this item is denied.
Defendants’ motion to strike $10 from the $20 item (5) of costs for examination of two parties or witnesses before trial is granted. The examination occurred at the same place on one day; and plaintiffs are entitled only to costs of $10 therefor. *641 (Civ. Prac. Act, § 1504, subd. 3, par. h; Burns v. Delaware, Lackawanna & Western R. R. Co., 135 N. Y. 268, 272 et seq.; Empire Produce Co. v. Allen, 130 Misc. 155; and, cf., Purvin v. Grey, 73 N. Y. S. 2d 563.)
The remaining objection (1) relates to the inclusion in the bill of costs of interest on the verdicts. Section 480 of the Civil Practice Act provides in part that “ [w]here * * * final judgment is rendered for a sum of money awarded by a verdict * * * interest upon the total amount awarded, from the time when the verdict was rendered * * * to the time of entering judgment, must be computed by the clerk, added to the total amount awarded, and included in the amount of the judgment. ’ ’ By the terms of the statute the interest is to be added to the award, and is not properly includable in the bill of costs. (See Eisenberg Ind. Contr. Co. v. Baumwall, 194 Misc. 15, 17.) The motion to strike this item of interest from the bill of costs is, therefore, granted; but without prejudice to the right of plaintiffs to apply to amend the entry of their judgments in accordance with said section 480 of the Civil Practice Act.
The parties have argued the merits of plaintiffs’ rights to have interest added to their verdicts, and they wish this court to decide that issue. Under the circumstances it appears that the court’s opinion as to such matter can only be dictum; but since it may expedite the determination of the case, the dictum will be expressed.
The verdicts were returned on May 14, 1962, one in favor of each plaintiff. Plaintiffs moved to set them aside as inadequate, and defendants moved to set them aside as improper in law. The motions were denied on May 23, 1962. Plaintiffs appealed from denial of their motion. After the lapse of one year’s time plaintiffs decided to discontinue their appeal, and they entered judgments, including in the bill of costs interest in the sum of $167.53 on the verdicts from May 14, 1962.
Interest on the verdicts accrued from the date of their rendition by virtue of section 480 of the Civil Practice Act above quoted. As a matter of law plaintiffs are entitled to have it added to the award by the Clerk on entering judgments, unless plaintiffs have acted in such manner as to waive interest or be estopped from claiming it. Such was the holding with respect to interest on a judgment in related section 481 of the Civil Practice Act. (Feldman v. Brodsky, 26 Misc 2d 327, affd. 12 A D 2d 347, affd. 11 N Y 2d 692.) In the Feldman case it was held that by virtue of the cross appeals interest claimed by the parties on respective portions of a deposited fund was waived and suspended pending the determination of said appeals. By *642 a parity of reasoning, interest should not begin to run on the verdicts in this case until the determination on May 23, 1962 of the motion and cross motion to set aside the verdicts.
Thereafter, the plaintiffs, only, appealed. Defendants contend that by such appeal plaintiffs estopped themselves from claiming interest on the verdicts pending the outcome of the appeal. In the Feldman case (12 A D 2d 347, 350, supra) the court said:
il The holder of the judgment may be estopped by equitable considerations, or by his own acts, from enforcing the interest which the statute gives him. But the cases which lay down this rule rest on principles of estoppel which are closely prescribed in scope and which ought not be applied to the defendant in this case during the period here in dispute.
4t One is by a tender from the judgment debtor which does not result in a satisfaction of the judgment because the judgment creditor refuses it; the other is the payment of a special deposit into court, recourse to which is absolute on the occurrence of a condition and which may be treated in the nature of a satisfaction. Judge Dore, writing in Moscow Fire Ins. Co. v. Heckscher & Gottlieb (260 App. Div. 646), was of opinion these were the main exceptions.”
And at page 351 of said opinion, in response to plaintiff’s argument that defendant lost its right to interest during the time of plaintiff’s appeal, because defendant failed to demand payment from the depositor, the court said: “ But an estoppel did not arise because the defendant did nothing while the plaintiff pursued the appeal to the Court of Appeals. Interest is not cut off by the statute because the judgment is not enforced. Interest may be cut off because of some action by the judgment creditor which would make it inequitable or oppressive that he get interest on his judgment, e.g., his refusal to accept a tender, and perhaps, as the Special Term held as to part of the interest not disputed here, by himself taking an appeal.” (Italics supplied.)
Thus the appellate court therein did not pass upon the question raised in this case, but as indicated by the italicized words, cast doubt upon the proposition.
Had the defendants deposited the amounts of the verdicts into court pending the appeal, it seems that such act would not have stopped the running of interest on the verdicts (Persons v. Gardner, 122 App. Div. 167). The defendants were not restrained from paying the verdicts'. They had it within their power at least to make tender of the amount of the verdicts to the plaintiffs without prejudice to plaintiffs’ appeal. Had they done so and had plaintiffs refused to accept it, clearly plaintiffs would have been estopped to demand interest thereafter pend *643 ing the appeal. Plaintiffs had a right to appeal, and such right should not be subjected to the penalty of loss of rights under section 480 of the Civil Practice Act, unless defendants are thereby necessarily injured.
The determination of this problem involves a matter of policy. Not lightly should the court disregard the statutory mandate that verdicts bear interest. A holding in accordance with defendants’ contention could lead to many attempted inroads on the statute, which may readily be envisioned.
Defendants have, of course, had the use of their money pending the appeal. In Moscow Fire Ins. Co. v. Heckscher & Gottlieb (260 App. Div. 646) the court awarded interest despite the judgment creditor’s appeal. In that case, however, the question of interest on a fund was involved, and the court limited interest to that earned by the fund during the appeal. It is not practicable for the court to adopt such a rule in the instant case. Defendants’ safeguard from injury in a situation such as now presents itself is simply to make payment or a tender to the plaintiffs without prejudice to plaintiffs’ appeal.
It is the court’s opinion that at the time the plaintiffs entered their judgments herein, they were entitled to have interest added to the amounts of the verdicts as provided in section 480 of the Civil Practice Act.