OPINION OF THE COURT
Maurice Harbater, J.
This is a case where the plaintiff was a captain in the New York City Fire Department who was injured while fighting a fire during the course of his duties.
Three defendants, one of whom was his employer, the City of New York, were found liable for his injuries. In the liability portion of the trial, the jury apportioned liability between *1091 defendants as follows: City of New York, 70%; Falrite Construction (hereinafter the Contractor), 20%; and Dominick Deranieri (hereinafter the Plumber), 10%. After the trial on damages, the jury returned a verdict for the plaintiff in the sum of $100,000.
Had this case been commenced four days earlier, CPLR 4545 (b)* would not have applied. However, since the case was commenced on October 4, 1984, the court, after the damage trial, conducted the mandatory collateral source hearing required under CPLR 4545 (b).
Plaintiff argues that the city should receive only a $7,808 reduction in the award for medical expenses and no reduction in the award for impairment of earning ability. Counsel for the plaintiff contends that the $25,000 awarded for impairment of earning ability "is compensation for a loss of future earnings” and, as such, is not subject to reduction under CPLR 4545 (b). This argument is not persuasive, however, because the jury was charged with PJI 2:290, which clearly states that plaintiff was entitled, not only to future diminution of earning capacity, but any diminution from the time of the injury to the date of trial! The jury was aware that plaintiff earned approximately $50,000 a year and had been unemployed for about 3 Vi years. The jury’s award of only $25,000 for impairment of earning ability suggests that not only did the jury decline to give plaintiff an award for future loss of earnings, but they awarded compensation for only about half a year of the 3 Vz years plaintiff was unemployed.
This court finds that the city paid the plaintiff $32,808 for medical expenses and impairment of earning ability (wages) and is entitled to a reduction in the amount of the award for such payments.
ISSUE
This is a case of first impression regarding joint tort-feasors (one of whom was a public employer) and their potential liability under CPLR 4545 (b). The court must determine whether the benefits paid directly by the city to the plaintiff should inure to the benefit of all tort-feasors who were held jointly and severally liable or only to the benefit of the city which directly paid the benefits.
*1092 REASONING
It is a well-settled rule of law that tort-feasors do not receive the benefit of collateral source payment derived from insurance or other sources that the plaintiff directly or indirectly has provided for himself (Szybura v City of Elmira, 28 AD2d 1154, 1155 [1967]). This policy is a New York exception to the rule that a plaintiff may not recover twice for the same injury (Lucio v Curran, 2 NY2d 157, 162 [1956]) and the rule that damages must only be compensatory. (Steitz v Gifford, 280 NY 15, 20 [1939].) The conflicting policy considerations are that, on the one hand, damages are compensatory and the plaintiff should only be made whole (not receive a double recovery), but, on the other hand, a defendant should not receive a windfall benefit of a reduction in damages because the plaintiff had the foresight to provide for himself.
A special problem arises under CPLR 4545 (b) where a plaintiff prevails against the public employer and one or more defendants. Under the statute, if the plaintiff proves liability only against the public employer, then the public employer will, of course, receive a credit for the entire amount of collateral source payments which have been made. If the plaintiff proves liability against any one or more of the nonpublic employers, CPLR 4545 (b) would not apply, and thus, those defendants would not be entitled to any credit.
CPLR 4545 (b) provides, in pertinent part: "1. In any action against a public employer * * * for personal injury * * * arising out of an injury sustained by a public employee while acting within the scope of his public employment or duties, where the plaintiff seeks to recover for the cost of medical care, custodial care or rehabilitation services, loss of earnings or other economic loss, evidence shall be admissible for consideration by the court to establish that any such cost or expense was replaced or indemnified, in whole or in part, from a collateral source provided or paid for, in whole or in part, by the public employer, including but not limited to paid sick leave, medical benefits * * * a disability retirement allowance * * *. If the court finds that any such cost or expense was replaced or indemnified from any such collateral source, it shall reduce the amount of the award by such finding, minus an amount equal to the contributions of the injured public employee for such benefit.”
The statute above applies in this case, and this court must discern the legislative intent of CPLR 4545 (b). The Legisla *1093 ture clearly intended that public employees should not receive a double recovery from public employers. In this case, the city has already paid the employee wages and medical expenses. There is no reason to pay damages to the employee for those items which he has already been compensated for out of public funds.
This court must calculate how to reduce the award so that it gives full force and effect to the Legislature’s policy. To that effect, the course is faced with three methods by which it can reduce the plaintiff’s award after the collateral source hearing. Based upon the facts presented at the collateral source hearing, the award is reduced by $32,808.
The three methods formulated by the court for reducing the award are as follows: benefit to plaintiff only; benefit to all defendants; and benefit to city only.
Under method No. 1, benefit to plaintiff only, the award would be calculated as follows: the verdict of $100,000 would be reduced by $32,808, leaving a balance of $67,192, and the city’s share of 70% would be $47,034.40. The Contractor’s share of 20% would be calculated by taking 20% of the entire jury verdict of $100,000, making the Contractor’s share $20,000. The Plumber’s share of 10% would be calculated the same as the Contractor’s, making his share $10,000, and this method would entitle the plaintiff to $77,034.40.
Under method No. 2, for the benefit of all defendants, the $32,808 would be subtracted from the $100,000 jury award, leaving a balance $67,192. Again, the city’s share of 70% would be $47,034.40, but the 20% share of the Contractor and 10% share of the Plumber would be a percentage of the reduced amounts, and 20% and 10% of $67,192 would be $13,438.40 and $6,719.20, respectively. This would leave a total award to plaintiff of only $67,192.
Under method No. 3, for the benefit to the city only, the award would be reduced to 70% of the $100,000, leaving $70,000, and then we subtract the city’s payments of $32,808, reducing the city’s share to $37,192. The Contractor’s share of 20% and the Plumber’s share of 10% of the $100,000 award would make the Contractor and Plumber liable for $20,000 and $10,000, respectively, leaving a total to plaintiff’s award of $67,192.
Under method No. 1, plaintiff receives his largest total recovery. Under methods 2 and 3, plaintiff receives the same recovery, but the city’s share changes. The question before *1094 this court is: which method best carries out the Legislature’s intent? Based upon the public policy of preventing double recovery, this court finds that the Legislature intended that the court should apply No. 3, "the benefit to the city only method.”
Defendant Contractor argues that the case of Grynbal v Grynbal (32 AD2d 427 [1969]) requires this court to use the "benefit of all defendants method”. In Grynbal, the court allowed a codefendant to amend his answer at the pleadings stage. The codefendant pleaded an offset of medical payments paid by a codefendant’s insurance carrier to the plaintiff. The court held that "the medical expenses reimbursed to the plaintiff by the defendant Grynbal’s carrier could not be deemed exempt from credit to the defendants Mandel by the doctrine of collateral source payments, since such expenses were paid for by a wrongdoer (Moore v. Leggette, supra) and were not derived from insurance or other source of benefit which the plaintiff directly or indirectly provided for herself (Szybura v. City of Elmira, 28 A D 2d 1154, 1155). Moreover, under settled authority, the plaintiff may not be permitted to receive a double satisfaction for the same injury (Lucio v. Curran, 2 N Y 2d 157, 162) and must be held to the rule that 'damages must be compensatory only’ (Steitz v. Gifford, 280 N. Y. 15, 20).” (Grynbal v Grynbal, supra, at 429-430.)
Defendants’ argument is not persuasive. There is no problem of double satisfaction in this case and, more importantly, this case deals specifically with a statute and not a common-law doctrine.
Accordingly, this court finds that the Legislature intended that CPLR 4545 (b) should benefit the public employer only, and judgment is to be entered based upon method No. 3.

 Section 5 of Laws of 1984 (ch 701) makes CPLR 4545 (b) effective to actions commenced on or after October 1,1984.