OPINION OF THE COURT
Alan D. Oshrin, J.
After a trial, a jury verdict and intermediate appeal, the plaintiff has submitted a proposed judgment. The defendants, Firematic Supply Company, Inc. and Southshore Fire and Safety Equipment Distributors, and the third-party defendant, Coram Fire District, have raised objections to the form of the judgment. The objections concern the Coram Fire District’s entitlement to a collateral source setoff in the amount of $150,000 for life insurance proceeds paid to Mrs. Rodd; the date for termination of postjudgment interest; the form of the judgment as to treating the Coram Fire District as a third party; and the rate of interest assessed against the Coram Fire District.
The court will first address the issue of the collateral source offset. At the outset, the court notes that in an opinion issued on July 9, 1999 this court ruled that there was no basis for an offset for life insurance benefits because of the specified exception for life insurance under CPLR 4545 (c). In support of its present objection the Coram Fire District argues that pursuant to section 174 (7) of the Town Law a fire district is a political subdivision; that the Coram Fire District is a public employer within the meaning of CPLR 4545 (b) (2); that this court should have applied CPLR 4545 (b) and not CPLR 4545 (c) on the prior application; and that a life insurance death benefit is an appropriate collateral source to be offset under CPLR 4545 (b). Both the plaintiff and the defendant, Firematic Supply, argue that CPLR 4545 (b) is not applicable because the public employer, Coram Fire District, was not a direct defendant. Additionally, Firematic Supply argues that this is not a double recovery situation and that the death benefit recognized as a collateral source under CPLR 4545 (b) is not the equivalent of life insurance proceeds.
CPLR 4545 (b) (1) provides:
“In any action against a public employer or a public employee who is subject to indemnification by a public employer with respect to such action or both *343 for personal injury or wrongful death arising out of an injury sustained by a public employee while acting within the scope of his public employment or duties, where the plaintiff seeks to recover for the cost of medical care, custodial care or rehabilitation services, loss of earnings or other economic loss, evidence shall be admissible for consideration by the court to establish that any such cost or expense was replaced or indemnified, in whole or in part, from a collateral source provided or paid for, in whole or in part, by the public employer, including but not limited to paid sick leave, medical benefits, death benefits, dependent benefits, a disability retirement allowance and social security (except those benefits provided under title XVIII of the social security act) but shall not include those collateral sources entitled by law to liens against any recovery of the plaintiff. If the court finds that any such cost or expense was replaced or indemnified from any such collateral source, it shall reduce the amount of the award by such finding, minus an amount equal to the contributions of the injured public employee for such benefit.”
The Legislature’s over-all purpose in enacting CPLR 4545 (b) was to prevent double recoveries from public employers by mandating deduction of employer-sponsored collateral source payments (see Ryan v City of New York, 79 NY2d 792, 795 [1991], citing Mem of Assembly Rules Comm, 1984 NY Legis Ann, at 251-252). The law does not favor double recovery and is loathe to require the tortfeasor to pay damages where the injured party has already been compensated (see Anastasia v Barnes, 127 Misc 2d 971 [1985]). It is, however, a well-settled rule of law that tortfeasors do not receive the benefit of collateral source payments derived from insurance or other sources that the plaintiff directly or indirectly has provided for himself and to the procurement of which the wrongdoer did not contribute (see Kish v Board of Educ., 76 NY2d 379 [1990]; Healy v Rennert, 9 NY2d 202 [1961]; Altenburger v City of New York, 141 Misc 2d 1090 [1988]). This policy is a New York exception to the rule that a plaintiff may not recover twice for the same injury (see Lucio v Curran, 2 NY2d 157 [1956]) and the rule that damages must only be compensatory (see Steitz v Gifford, 280 NY 15 [1939]). “The conflicting policy considerations are that, on the one hand, damages are compensatory and the plaintiff should only be made whole (not receive a double *344 recovery), but, on the other hand, a defendant should not receive a windfall benefit of a reduction in damages because the plaintiff had the foresight to provide for himself’ (Altenburger v City of New York, 141 Misc 2d 1090, 1092, supra).
 In the case at bar, the premiums for the insurance policy were fully paid by the Coram Fire District, and the proceeds of such policy were in fact received by the widow. Whether viewed as life insurance, which is not excluded as a collateral source under subdivision (b), or a death benefit or a dependent benefit which are treated as collateral sources under subdivision (b), the benefit received by Mrs. Rodd is an employer-sponsored collateral source payment for which double recovery was to be prevented by the Legislature’s enactment of subdivision (b). Additionally, because the policy of insurance was procured by the Coram Fire District and not Mr. Rodd, this is not a situation where the wrongdoer obtains a windfall benefit because the plaintiff provided himself with insurance coverage. As such, the court finds that the $150,000 insurance payment received by Mrs. Rodd is an appropriate collateral source for which the Coram Fire District is entitled to an offset. With respect to the argument that CPLR 4545 (b) does not apply to a public employer who is not named as a direct defendant, the court finds that given the over-all legislative purpose in enacting subdivision (b), of preventing double recoveries from public employers by mandating deduction of employer-sponsored collateral source payments, it would be contrary to such purpose for this court to find that subdivision (b) was not to be applied when the public employer was a third-party defendant.
No other result is possible if the purpose of the statute is to be accomplished. The defendants, Firematic Supply and Southshore Fire and Safety Equipment, made no payment for the purpose of obtaining the life insurance benefit ultimately provided by the Coram Fire. District. There is no basis to afford either defendant any benefit as a result of the life insurance payment.
The court well remembers that during the precharge conference in this matter, counsel, recognizing the complexity of the claims to be submitted to the jury for determination and with the intent of making the verdict sheet as understandable as possible, stipulated that the case should be submitted to the jury and liability apportioned as if the Coram Fire District was a direct as opposed to a third-party defendant. Of necessity, this would affect the form of the judgment. In fact, in August *345 and September of 1999 when counsel and the court attempted to draft a docketable judgment with the assistance of the Judgment Clerk at the County Clerk’s Office, the judgment did not provide for third-party recovery but treated the Coram Fire District as a direct defendant. Due to the plaintiffs appeal of this court’s determination of a posttrial motion, the plaintiff did not pursue the entry of a judgment in September of 1999.
On the proposed judgment submitted presently, the plaintiff includes a separate decretal paragraph for judgment over as against the third-party defendant, the Coram Fire District, on behalf of the defendants, Southshore Fire and Safety Equipment and Firematic Supply. Initially, the court notes that of these remaining defendants only Firematic Supply commenced a third-party action. The court also notes, with respect to the collateral source payment, that the benefits paid directly to Mrs. Rodd by the public employer, the Coram Fire District, inure solely to the benefit of the Coram Fire District and not to the benefit of the other tortfeasors (see Altenburger v City of New York, 141 Misc 2d 1090, supra).
As such, if the judgment was entered and payments made as if the Coram Fire District was a third-party defendant, Southshore Fire and Safety Equipment would not benefit from the judgment over and the plaintiff will have obtained a double recovery having been fully compensated by Firematic Supply and Southshore Fire and Safety Equipment, without an offset for the $150,000 life insurance/death benefits proceeds received by Mrs. Rodd. Concomitantly, given that Coram Fire District is entitled to the benefit of the $150,000 offset, Firematic Supply, the only third-party plaintiff, will be paying more than the jury intended for it to pay. Given the stipulation of counsel, the manner in which the apportionment of fault was submitted to the jury, the fact that both remaining defendants had not commended third-party actions, the legislative purpose of preventing double recoveries from public employer-sponsored collateral source payments, and the form in which the judgment was first submitted to the court in August 1999, the court finds that in order to maintain the intent of the jury’s verdict and to comply with the legislative purpose and mandate of CPLR 4545 (b), the judgment must be entered as if the Coram Fire District was a direct defendant with its proportionate payment to the plaintiff reduced by the $150,000 collateral source payment.
The overriding basis for this determination is the public policy of this State prohibiting double recovery by a plaintiff and preventing double recovery from the public employer. Life *346 insurance compensates the plaintiff for the losses occasioned by the death of Dennis Rodd; so too does the jury verdict.
The next objection the court will address is the issue of the termination date for postjudgment interest. Initially, the court notes that no judgment has been entered in this case. Although, as noted above, in August and September of 1999 counsel and the court were attempting to draft a docketable judgment, the effort was unsuccessful. The judgment signed by this court on July 9, 1999, and ultimately entered by the County Clerk on August 9, 1999, was taken “off record” on September 1, 1999. The court will, however, address Southshore Fire and Safety Equipment and the Coram Fire District’s objections in terms of a termination date for prejudgment interest. Southshore Fire and Safety Equipment argues that, by check issued on August 18, 1999 in the amount of $618,830.88, it tendered the full amount of the 38% of liability assessed against such defendant, together with interest up until date of issuance of the check, and that by letter dated August 25, 1999 such tender of offer of settlement of judgment was rejected by the plaintiff. The Coram Fire District argues that, by check issued on August 18, 1999 in the amount of $373,464.03, it tendered the full amount of the 34% liability assessed against such defendant, together with interest up until the date of issuance of the check, less a life insurance credit in the amount of $180,000, and that by letter dated August 25, 1999 such tender of offer of settlement of judgment was rejected by the plaintiff. Inasmuch as upon the unconditional tender of the verdict amount with interest as to a defendant, such defendant would no longer have the use of the plaintiff’s money had such tender been accepted, the court finds that prejudgment interest, as to the defendant South-shore Fire and Safety Equipment and the third-party defendant, Coram Fire District, should terminate on August 18, 1999 (see O’Rourk v Berner, 249 AD2d 975 [1998], discussing Meiselman v Allstate Ins. Co., 197 AD2d 561 [1993], and Love v State of New York, 78 NY2d 540 [1991]). As to Firematic Supply, notwithstanding the then pending appeal by the plaintiff, not having tendered the amount of the verdict and the plaintiff’s refusal thereof, there is no basis to terminate prejudgment interest as to such defendant (see Lanni v Spallina, 39 Misc 2d 639 [1963]; Feldman v Brodsky, 26 Misc 2d 327 [1960], affd 12 AD2d 347 [1961], affd 11 NY2d 692 [1962]).
The court will now address the objection raised by the Coram Fire District as to the appropriate rate of interest. The Coram Fire District correctly argues that, by operation of section *347 3-a (2) of the General Municipal Law, the rate of interest to be paid upon any judgment against a municipal corporation arising out of an action to recover damages for wrongful death cannot exceed 6% per annum. Where, as here, the judgment is against both public and private defendants, the preferential rate of interest applies only to the municipal defendant (see Smart v Wozniak, 86 Misc 2d 940 [1976], affd on other grounds 58 AD2d 993 [1977]).