JOSEPH A. LEONARD, Appellant, v. MARTIN GOTTLIEB et al., Respondents.— In an action to recover damages for alleged wrongful acts on the part of defendants in the nature of fraud and duress, committed pursuant to an alleged conspiracy, and in which plaintiff also alleged that such acts and conspiracy constituted a breach of trust and breach of contract by one defendant, induced by the other defendant, plaintiff appeals from an order granting defendants' motion to dismiss the amended complaint, pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice, and from the judgment entered thereon dismissing the amended complaint on the merits. Subsequent to the acts complained of, and in the course of a proceeding instituted by appellant, appellant and respondent Gottlieb compromised their differences and appellant executed and delivered a general release to Gottlieb. In our opinion the first cause of action alleged in the present amended complaint is not one to recover damages for fraud in the procurement of said release (cf. *Goldsmith* v. *National Container Corp.,* 287 N. Y. 438, and *Gould* v. *Cayuga Co. Nat. Bank,* 99 N. Y. 333), but is based upon alleged wrongful acts known to appellant when he gave the release, and upon the claims arising therefrom, which he compromised and released; and the release is a bar to said cause of action as to both defendants who are alleged to have been joint tort-feasors. (*Milks* v. *McIver,* 264 N. Y. 267.) Allegations of a conspiracy to commit fraud do not affect the substantial ground of such an action, the gravamen of which is fraud and damage, and not the conspiracy.

(*Brackett* ·v. *Griswold*, 112 N. Y. 454, 467.) The second and third causes of action set forth in the amended complaint are also barred by the release. Insofar as they may state causes of action, they are based upon the same alleged wrongful acts by respondents as is the first cause of action, and such wrongful acts are alleged to have resulted in the same injuries. The fact that the same acts may constitute a breach of trust as well as fraud cannot increase the damages resulting from such injuries, which were known to appellant as fully when he compromised his claims therefor as when he instituted the present action. " The law does not permit a double satisfaction for a single injury." (*Milks* v. *McIver, supra,* p. 270; see *Rapp* v. *Myers,* 291 N. Y. 709.) Order granting defendants' motion to dismiss the amended complaint, and judgment entered thereon, unanimously affirmed, with $10 costs and disbursements. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ. [See *post,* p. 973.]