Owen McGtvern, J.
Defendant Savin Business Machines Corporation moves pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice for dismissal of the complaint as to it. Two causes are stated, both in equity. Plaintiff alleges that he and the defendant Janos Szekeres became associated together in business which was conducted by them through the instrumentality of the defendant Janos, Inc. The capital stock of that corporation was held by the defendant Janos Szekeres, but 50% thereof, it is alleged, was held by him in trust for plaintiff. The assets of the corporation were sold and transferred to the defendant Savin. As to such sale, plaintiff alleges fraud. He *735 claims to be entitled to an accounting, by reason of the alleged fact that the defendant Savin knew that the joint fraud of the defendants involved a breach of the fiduciary duty of the defendant Szekeres owing to the plaintiff, all to the trustee’s personal profit. The fiduciary relationship and duty thus breached, it is contended, spring from defendant’s position as trustee of the stock. In his brief, plaintiff states “ That breach of trust by Szekeres consisted in his voting, as the sole stockholder of record, for the sale of the business and assets of ” the corporation. The complaint does not so allege. Rather, plaintiff alleges that assets were sold, not stock; that the transaction was not in the course of the administration of the affairs of the trustee, but of the affairs of the corporation, and, in fact, the transaction virtually dissolved it; that the transaction did not involve merely the voting of stock by the defendant Szekeres, as his own or the stock of another, but rather the procurement, by the joint fraud of the defendants, of plaintiff’s consent to the sale of the assets. Thus, the transaction was one in which the stockholder, as such, consented, and not one in which a trustee of stock was acting as such trustee, but the consent of plaintiff, acting in his own behalf, was procured, as alleged, by fraud. For the redress of such wrong, an adequate remedy at law exists and the facts as alleged do not involve the activity of a trustee in the administration of his trust or any relationship or breach thereof giving rise to a right to an accounting.
In a second cause it is alleged that subsequently, by repetition of the same fraudulent inducements and by additional fraudulent inducements, plaintiff was induced to execute releases which, unless barred, will prevent recovery upon the first cause of action. The releases do not run to the defendant Savin. Moreover, it is not clear from the allegations of the second cause and from the prayer for relief whether thereby plaintiff seeks only annulment of the releases and the contemporaneous agreement, or that and an additional accounting.
Plaintiff contends that accounting and recovery of money judgment is sought by the first cause only and that by the second cause he seeks annulment only. In that event, defendant Savin is not a necessary or proper party.
The motion is granted, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.