■ ALFRED OPPENHEIMER, Appellant, v. JANOS SZEKERES et al., Defendants, and SAVIN BUSINESS MACHINES CORPORATION, Respondent.— Order entered November 3, 1961, granting motion of defendant Savin Business Machines Corporation to dismiss the complaint for legal insufficiency, under rule 106 of the Rules of Civil Practice and for alternative relief, unanimously reversed on the law, without costs to either party, and the motion is denied, without costs. The motion is addressed to the entire complaint and if either of the two causes of action in the complaint is good, the motion must be denied (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84). Each cause of action is sufficient. The first cause of action alleges: Janos Szekeres was the president of Permarapid, Inc., and its sole shareholder of record but, by agreement, held 50% of the stock for the benefit of plaintiff. Low, subsequently the president of defendant-respondent Savin, knew of this relationship between plaintiff and Szekeres. In order to procure plaintiff's consent to the sale of the corporate assets to Savin, Szekeres, with Low's knowledge, falsely represented that the corporation would lose an important franchise. Also, Szekeres, again with Low's knowledge, falsely represented to plaintiff that he, Szekeres, was receiving no consideration for the sale except the payment of debts owed him by the corporation and a good job from Savin. Actually the franchise was not to be cancelled and Szekeres was getting a great deal more. The first cause asserts that the fraud was successful in that Szekeres obtained plaintiff's consent to the sale, Savin received the assets and business of the corporation, and Szekeres received his secret profits. It is further alleged that Low and Szekeres agreed, prior to the transfer, to conceal from plaintiff the true facts, primarily, the continuing of the valuable franchise received by Savin along with the other assets of Permarapid. Consequently, the allegations, if true, establish a fraudulent conspiracy among Szekeres, Low, and Savin (the moving defendant for which Low always acted) to conceal from plaintiff the true facts and divert valuable, rather than all but worthless, corporate assets. This is not passive knowledge but a tortious agreement to conceal the truth from the victim. Moreover, since Szekeres held the title to stock of which plaintiff owned the bene-

ficial interest he sustained toward him a fiduciary relationship (Restatement, Trusts, Second, § 17, Comment [a], Illus. 1; § 24, Comment [b], Illus. 1; 2 Scott, Trusts [2d ed.], §§ 193–193.1). If established, plaintiff would be entitled to equitable relief against Szekeres and Savin, one who abetted a fraud by a fiduciary, and who, with knowledge received the fruits of the fraud (*Lonsdale* v. *Speyer*, 249 App. Div. 133, 141; see, also, *Wechsler* v. *Bowman*, 285 N. Y. 284, 291). The second cause of action charges the fraudulent obtaining of a general release from plaintiff. The facts of the first cause of action are realleged. It is further related that Szekeres and Savin (through Low as alleged in the first cause of action) agreed to obtain the general release from plaintiff, in pursuance of the general scheme to conceal the fraud, on the part-payment by Szekeres to plaintiff of a sum certain due plaintiff. The unqualified general release, it is also alleged, would thus be obtained by concealing from plaintiff the true facts, among others, concerning the franchise and the secret sharing by Szekeres in such continuing franchise. This is alleged among other false representations attributed, it is true, solely to Szekeres. While the release did not run in favor of Savin, it conspired actively with Szekeres to obtain the release, and plaintiff's right to recover from Savin would be affected by it so long as it is extant. Moreover, a release without reservation to one joint tort-feasor is a release of all (*Lucio* v. *Curran*, 2 N Y 2d 157, 162; *Leonard* v. *Gottlieb*, 278 App. Div. 786, motion for leave to appeal denied 303 N. Y. 1014). Savin concedes that it is entitled to rely on the release. Hence, Savin is a proper, if not indispensable, party to its nullification (Civ. Prac. Act, §§ 193, 212). The complaint, although poorly drawn, is sufficient and does not fall before a motion to dismiss based on legal insufficiency. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ. [31 Misc 2d 734.]