■ LIFELINE FOR THE OLD IN JERUSALEM, Appellant, v

AMERICAN FRIENDS OF LIFELINE FOR THE OLD IN ISRAEL, INC., et al., Respondents, et al., Defendants. [614 NYS2d 124] —Order, Supreme Court, New York County (Myriam Altman, J.), entered August 17, 1993, which denied plaintiff's motion for a preliminary injunction and granted defendants' cross-motion to dismiss the complaint in its entirety, unanimously affirmed, without costs.

In light of the evidence which demonstrates that prior to the execution of the release, the parties discussed and negotiated issues which concerned, *inter alia,* the donor lists of American Friends of Lifeline, and the usage of the names and good will of "Lifeline" and Myriam Mendilow, the claims raised concerning those very issues are barred by the release *(see, Lucio v Curran,* 2 NY2d 157, 161-162). Moreover, even if the exact claims in the third through seventh and ninth through eleventh causes of action in the complaint were not expressly raised prior to the execution of the release, it is clear that plaintiff was well aware of these claims before it executed the release, and could have modified the language of the release if it so desired *(see, Stone v National Bank & Trust Co.,* 188 AD2d 865). We further note that the general release at issue is clear and unambiguous and the court appropriately determined the parties' intent therein as a matter of law *(see, Matter of Schaefer,* 18 NY2d 314, 317).

Thus, plaintiff's motion for a preliminary injunction was properly denied and defendants' cross-motion to dismiss the complaint properly granted. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.