■ N.J. BOYS, INC., Respondent, v EKLECCO, LLC, Appellant. [767 NYS2d 919]—

In an action, inter alia, to recover damages for unjust enrichment and breach of contract, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated November 14, 2002, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

"[A] valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties" (*Thailer v LaRocca,* 174 AD2d 731, 733 [1991] [internal quotation marks omitted]; *see Appel v Ford Motor Co.,* 111 AD2d 731, 732 [1985]; *Lucio v Curran,* 2 NY2d 157, 161 [1956] ["'(T)he signer of a(n) . . . instrument expressive of a jural act, is conclusively bound thereby (and) that his mind never gave assent to the terms expressed is not material"] [internal quotation marks omitted]). "[W]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existing controversies" (*Lucio v Curran, supra* at 161-162; *see Used Boat Haven v Citibank,* 248 AD2d 610 [1998]). Here, summary judgment should have been granted to the defendant because the release which was executed by the plaintiff operated to bar this action (*see Used Boat Haven v Citibank, supra*).

In light of our determination, it is unnecessary to address the defendant's remaining contention. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.