■ FRIENDS OF AVALON PREPARATORY SCHOOL, INC., et al., Respondents, v IRVING EHRENFELD et al., Appellants. [775 NYS2d 560]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated October 23, 2002, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and for summary judgment on two of their counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) and substituting therefor a provision granting that branch of the motion and severing the defendants' counterclaims; as so modified, the order is affirmed, with costs to the appellants, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the counterclaims.

We agree with the appellants' contention that the complaint should have been dismissed pursuant to CPLR 3211 (a) (5). The appellants sufficiently established that the release included in a stipulation of settlement, executed in connection with a prior eviction proceeding, was intended to cover the subject matter of this action (*see N.J. Boys v Eklecco, LLC,* 2 AD3d 511 [2003]; *National Sur. Corp. v Parisi & Son Constr.,* 239 AD2d 396 [1997]). Further, the respondents' claim of fraud was insufficient to avoid the release (*see Shklovskiy v Khan,* 273 AD2d 371 [2000]).

The appellants correctly assert that the plaintiffs, who allege that the parties entered into an oral partnership agreement, may not use parol evidence to prove such an agreement since such proof contradicts the terms of the agreements executed by

the parties (*see Marine Midland Bank-S. v Thurlow*, 53 NY2d 381 [1981]).

However, contrary to the appellants' contentions, the Supreme Court properly denied that branch of their motion which was for summary judgment on two of its counterclaims since there are questions of fact as to those counterclaims (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In light of our determination, we need not reach the parties' remaining contentions. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.