■ In the Matter of the Estate of LESTER FEINNE, Deceased. LILIA FEINNE, Respondent, et al., Respondent. NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Nonparty Appellant. [875 NYS2d 191]—

In a proceeding pursuant to SCPA 2103, inter alia, to discover property and information withheld from an estate, the New York State Department of Taxation and Finance appeals, as limited by its brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated July 30, 2007, as granted that branch of the petitioner's motion which was for summary judgment dismissing its answer to the petition for lack of standing.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The petitioner, as executrix of the decedent's estate, commenced this proceeding pursuant to SCPA 2103 to require Intercounty Associates, a partnership, to show cause why it should not deliver, to the decedent's estate, certain proceeds from the sale of real property. The New York State Department of Taxation and Finance (hereinafter the appellant) served an answer to the petition asserting, as affirmative defenses, that the disputed proceeds belonged to the petitioner individually and not in her capacity as the fiduciary of the estate, and should consequently be turned over to the appellant in partial satisfaction of tax liens imposed against her.

The petitioner moved, inter alia, for summary judgment dismissing the appellant's answer on the ground that it lacked standing to appear in the discovery proceeding since it was not a creditor of the estate. The appellant cross-moved to dismiss the proceeding for lack of subject matter jurisdiction. In the alternative, the appellant argued that the Surrogate had jurisdiction to determine its rights to the disputed proceeds.

The Surrogate granted that branch of the petitioner's motion which was for summary judgment dismissing the appellant's answer on the ground that it lacked standing to appear in the discovery proceeding since it was not a creditor of the estate, and denied the appellant's cross motion to dismiss the proceeding for lack of subject matter jurisdiction.

The proceeding was never stayed, and while the appeal was

pending, the petitioner and Intercounty Associates settled the proceeding, which was voluntarily discontinued with prejudice.

Since the proceeding has been discontinued with prejudice, the question of whether the appellant had standing to assert affirmative defenses in an answer has been rendered academic. Moreover, the appellant asserted no counterclaims which may be severed from the main proceeding (*see Friends of Avalon Preparatory School v Ehrenfeld,* 6 AD3d 658 [2004]). Rivera, J.P., Florio, Dickerson and Chambers, JJ., concur.