(February 8, 2011)

■ A.A. Truck Renting Corp., Respondent, v Navistar, Inc., Formerly Known as International Truck and Engine Corporation, Appellant. [916 NYS2d 194]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Markey, J.), dated June 23, 2010, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) is granted.

In April 2006, the plaintiff, A.A. Truck Renting Corp. (hereinafter AA Truck), and the defendant, Navistar, Inc., formerly known as International Truck and Engine Corporation (hereinafter Navistar), entered into a written "Loyalty Rebate Program Agreement" (hereinafter the rebate agreement) whereby AA Truck was to receive a $5,000 rebate from Navistar for each qualified truck it purchased. In October 2007 AA Truck agreed to purchase nine qualifying trucks for a total purchase price of $740,300. The rebate was to be paid after AA Truck had fully paid the purchase price. Thereafter, however, AA Truck allegedly experienced chronic mechanical failures with several of the trucks and refused to pay the full $740,300 price. In response, Navistar commenced a lawsuit against AA Truck in the United States District Court for the Eastern District of New York, to recover the entire agreed-upon purchase price for the trucks. That action was settled between the parties for the negotiated sum of $560,300, which AA Truck agreed to pay to Navistar in 12 equal monthly installments, plus interest. The parties also executed a general release as part of this settlement agreement.

Upon its final payment, AA Truck presented Navistar with a demand for payment of $45,000, representing the contractual rebate of $5,000 for each of the nine trucks purchased. Navistar refused the demand, and AA Truck then commenced this action to recover damages for breach of contract. Navistar's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the

ground that it was barred by the general release was denied by the Supreme Court. We reverse.

"A valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties" (*Thailer v LaRocca*, 174 AD2d 731, 733 [1991] [internal quotation marks omitted]; *see Lucio v Curran*, 2 NY2d 157, 161 [1956]; *N.J. Boys v Eklecco, LLC*, 2 AD3d 511 [2003]; *see also Kaminsky v Gamache*, 298 AD2d 361 [2002]). "[W]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies" (*Lucio v Curran*, 2 NY2d at 161-162 [emphasis omitted]).

Here, the language of the release was unambiguous and contained only two exceptions, neither of which apply to the rebate agreement. Additionally, the release was voluntarily and knowingly entered into by both parties after their respective counsel engaged in negotiations, and well after the parties had entered into the rebate agreement (*see generally L & K Holding Corp. v Tropical Aquarium at Hicksville*, 192 AD2d 643 [1993]). Therefore, Navistar sufficiently established that the release barred any claim arising from the rebate agreement (*see Friends of Avalon Preparatory School v Ehrenfeld*, 6 AD3d 658 [2004]).

AA Truck's remaining contention is without merit. Accordingly, Navistar's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) should have been granted. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur. **[Prior Case History: 27 Misc 3d 1238(A), 2010 NY Slip Op 51101(U).]**