SHARONA KERMANSHACHI, Plaintiff, v NORMAN KERMANSHACHI et al, Appellants, et al., Defendants. [931 NYS2d 528]—

The motion of the defendants Norman Kermanshachi, Shirin Kermanshachi, and Phillip Kermanshachi (hereinafter collectively the appellants) to dismiss the complaint insofar as asserted against them on the ground of release pursuant to CPLR 3211 (a) (5) should have been granted (*see Friends of Avalon Preparatory School v Ehrenfeld*, 6 AD3d 658 [2004]). In support of their motion, the appellants submitted a document executed by the plaintiff in 2003 releasing them from all claims regarding the subject property. The words of the general release serve as a bar to all causes of action which might arise between the plaintiff and the appellants regarding the subject property (*see Used Boat Haven v Citibank*, 248 AD2d 610 [1998]). The plaintiff submitted no opposition to the appellants' motion. Since the release is clear and unambiguous on its face, it should be enforced as a private agreement between parties according to its terms (*see N.J. Boys v Eklecco, LLC*, 2 AD3d 511 [2003]). Accordingly, the Supreme Court should have granted the appel-

lants' motion to dismiss the complaint insofar as asserted against them. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.