11-4132-cv
Tromp v. City of New York et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand twelve.

PRESENT:
>  DENNY CHIN,
>  SUSAN L. CARNEY,
>  > Circuit Judges,
>  STEFAN R. UNDERHILL,
>  > District Judge.[*]

- - - - - - - - - - - - - - - - - - - -x

LAMONT TROMP,
>  Plaintiff-Appellant,

v.                                        11-4132-cv

CITY OF NEW YORK, POLICE OFFICER
JOSHUA KONEN, TAX #936882, and JOHN
DOE,
>  Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      RICHARD J. CARDINALE, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:     MARTA SOJA ROSS, Edward F.X. Hart, Boris Zeldin, of Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

---

[*]    The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Weinstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court is **AFFIRMED**.

Plaintiff-appellant Lamont Tromp appeals from the district court's judgment and order of October 4, 2011, granting defendants' motion to dismiss on the ground that the settlement of a previous suit between Tromp and the City released defendants from liability in the instant case. The judgment and order followed the district court's oral ruling on October 3, 2011. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

"It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002) (internal quotation marks and alteration omitted). "'Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed.'" Wang v. Paterson, No. 07-2032, 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (quoting Shklovskiy v. Kahn, 709 N.Y.S.2d 208, 209 (2d Dep't 2000)); see McReynolds v. Richards-Cantave, 588 F.3d 790, 803 (2d Cir. 2009) (looking to "plain language of the release provision").

"Words of general release are clearly operative not only as to all controversies and causes of action between the

2

releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." A.A. Truck Renting Corp. v. Navistar, Inc., 916 N.Y.S.2d 194, 196 (2d Dep't 2011) (alteration omitted) (quoting Lucio v. Curran, 2 N.Y.2d 157, 161-62 (1956)).  "[W]hen general language is used in the releasing document, the release is to be construed most strongly against the releasor."  Consorcio Prodipe v. Vinci, 544 F. Supp. 2d 178, 189 (S.D.N.Y. 2008) (internal citations and quotation marks omitted).

We have conducted an independent review of the record in light of these principles and affirm the district court's dismissal of the complaint.

On October 28, 2010, Tromp filed suit against the City and certain police officers for alleged constitutional violations arising out of his arrest on September 10, 2010.  ("Tromp I").  These claims were dismissed on March 16, 2011, upon the execution of a Stipulation of Settlement.  Stipulation of Settlement and Order of Dismissal, Tromp v. City of New York, No. 10-4973 (E.D.N.Y. Mar. 16, 2011), ECF No. 11.  In accordance with the Stipulation, Tromp also signed a General Release.  By the terms of the General Release, Tromp agreed to

> release and discharge the defendants, the
> City of New York and the individuals name[d]
> herein as "POLICE OFFICERS JOHN DOES 1-3;"
> their successors or assigns; and all past and
> present officials, employees, representatives
> and agents of the City of New York or any
> agency thereof, including, but not limited
> to, the New York City Police Department, from
> any and all claims which were or could have

3

> been alleged by me in the aforementioned
> action, including all claims for attorneys'
> fees, expenses and costs.

General Release, Tromp v. City of New York, No. 10-4973 (E.D.N.Y. Mar. 16, 2011), ECF No. 10-3.

Tromp filed the instant action on June 10, 2011, alleging constitutional violations arising out of an arrest by City police officers on June 17, 2010. The district court dismissed these claims as barred by the Stipulation and General Release.

The language of the General Release is plain and unambiguous, and it is broad in scope. In consideration for the payment he received from the City, Tromp relinquished all claims against the City and its employees that "could have been alleged" in Tromp I. See Wang, 2008 WL 5272736, at *4 (similar release barred any claim plaintiff "could have asserted in the context of the federal court litigation that the Stipulation concluded"). This included claims arising out of separate, "pre-existent" events. See Navistar, 916 N.Y.S.2d at 196.

The events giving rise to the claims in the instant action occurred in June 2010. Appellant filed the complaint in Tromp I in October 2010. Although the June 17, 2010 incident involved a different arrest, it was similar in nature to the arrest that was the subject of Tromp I. Therefore, the allegations at issue here "could have been alleged" in Tromp I. Accordingly, they are barred by the General Release. See, e.g., Order of Dismissal, Gittens v. City of New York, No. 10-8502 (S.D.N.Y. May 11, 2011), ECF No. 13 (dismissing subsequent civil

4

rights claim against city based on identical release language); <u>Lewis v. City of New York</u>, No. 10-3266, 2011 WL 3273939, at *7 (E.D.N.Y. July 29, 2011) (entering judgment on the pleadings under Fed. R. Civ. P. 12(c) based on nearly-identical release language).

Tromp argues that the parties intended "to limit the settlement to the incident at issue" in <u>Tromp I</u>. (Br. at 6, 9). In support of this argument, he points to a clause in the Stipulation stating, "Whereas, the parties now desire to resolve the issues raised in this litigation." (Stipulation at 1). This clause, however, did not limit the scope of the General Release. It simply evidenced the parties' intent to resolve the litigation at hand. If the parties had desired to enter into a limited release, barring only claims arising out of the specific events alleged in <u>Tromp I</u>, they could have expressly done so, but they did not. <u>See, e.g.</u>, <u>Mandal v. City of New York</u>, No. 02-1234, 2008 WL 754666, at *3 (S.D.N.Y. Mar. 17, 2008) (release only encompassed claims "arising out of the events alleged in the Complaint").

We have considered Tromp's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5