12-1591-cv
*Fernandez v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT:

JOHN M. WALKER, JR.,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*

_____

RICHARD FERNANDEZ,

*Plaintiff-Appellant*,

-v.-                                                        No. 12-1591-cv

CITY OF NEW YORK,

*Defendant-Appellee*,

JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

*Defendants.*

_____

1

Brett Harris Klein, Leventhal & Klein LLP, Brooklyn, N.Y., *for Plaintiff-Appellant*.

Kathy H. Chang, Larry A. Sonnenshein, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., *for Defendant-Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-Appellant Richard Fernandez ("Fernandez") appeals from an order and judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*), filed March 22, 2012, granting Defendant-Appellee City of New York's motion to dismiss Fernandez's claims under Federal Rule of Civil Procedure 12(b)(6). On appeal, Fernandez argues that the District Court erred in concluding that his claims are barred by a release of claims he signed with the City of New York as part of a settlement agreement in a previous case. Fernandez contends that the language in that release is ambiguous or, alternatively, that the City of New York is equitably estopped from arguing that the release bars his current case. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

This is the third in a series of cases Fernandez has brought against the City of New York and individual members of the New York City Police Department. All three cases seek money damages under state tort law and under 42 U.S.C. § 1983 for alleged violations of Fernandez's constitutional rights. The first case, *Fernandez v. City of New York, et al.*, No. 1:10-cv-840-RJD-VVP ("*Fernandez I*"), was filed on February 10, 2010, and stems from the November 30, 2008 arrest of Fernandez. The second case, *Fernandez v. City of New York, et al.*, No. 1:10-cv-922-RJD-RML ("*Fernandez II*"), was filed on March 2, 2010, and stems from a December 4, 2008 arrest of

2

Fernandez. This current case was filed on December 17, 2010, and stems from a September 19, 2009 arrest of Fernandez.

The District Court found Fernandez's claims in the present case to be barred by a "General Release" he signed as part of his agreement with the City of New York to settle *Fernandez I*. That release states, in relevant part:

> KNOW THAT I, RICHARD FERNANDEZ . . . do hereby release and discharge defendants City of New York and Police Officers Belardo and Lopez; their successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York or agency thereof, *from any and all claims which were or could have been alleged by me in the aforementioned action*, including all claims for attorneys' fees, expenses and costs.

(emphasis added). This Court has previously held a release with identical relevant language to unambiguously cover claims arising not just from the events alleged in the underlying complaint, but also from separate, prior events. *Tromp v. City of New York*, 465 F. App'x 50 (2d Cir. 2012). Since the claims in *Fernandez III* stem from an arrest that occurred before the filing of *Fernandez I*, and thus could have been joined to the claims in that first action, the release appears to cover them.

Fernandez does not dispute that the release, when viewed alone, reaches his current set of claims against the City. Rather, Fernandez argues that the release must be construed together with a second, narrower release of claims against the City that he signed in settling *Fernandez II*. Like the present case, *Fernandez II* arose from events that occurred well before the filing of *Fernandez I*. Accordingly, if the first release bars claims arising from separate, preexisting events, then it should bar the claims in *Fernandez II*. But if that is the case, Fernandez argues, then the second release signed in *Fernandez II* is redundant. This redundancy, he concludes, makes the otherwise clear language of the first release ambiguous.

3

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). While "federal law governs the validity of releases of federal causes of action," this Court will "look to state law to provide the content of federal law" in such cases. *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993). Under New York law, "multiple agreements may be read as one contract only if the parties so intended, which we determine from the circumstances surrounding the transaction." *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 237 (2d Cir. 2006). The "legally operative question," we have said, is whether the two agreements "were part of a single transaction intended to effectuate the same purpose." *TVT Records v. Island Def Jam Music Grp.*, 412 F.3d 82, 90 (2d Cir. 2005).

We agree with the District Court that Fernandez and the City of New York did not intend the two releases to form a single contract. Nothing here suggests that the releases were part of a single transaction intended to effectuate the same purpose. Rather, the releases were signed at different times to settle different cases and involved different police officers as defendants. The releases make no reference to each other and are mutually independent. The parties' intent that the releases stand alone as independent contracts must therefore be given effect. *Arciniaga*, 460 F.3d at 237. And the release in *Fernandez I* — construed independently of the release in *Fernandez II* — by its plain terms bars Fernandez's present claims.

We also conclude that the doctrine of equitable estoppel does not preclude the City of New York from arguing that the release in *Fernandez I* applies to the claims here. The release states its scope plainly and clearly, and Fernandez does not allege that the City made any representations about how the release would affect his claims in this case. The doctrine of equitable estoppel thus

4

does not preclude enforcement of the release according to its plain terms. *See Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 594 (2d Cir. 1996) (elements of equitable estoppel "with respect to the party estopped" are "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts") (quoting *Smith v. Smith*, 830 F.2d 11, 12 (2d Cir. 1987)) (internal quotation marks omitted).

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5