■ HERMAN ORTIZ, Appellant, v CITY OF NEW YORK et al., Respondents. [8 NYS3d 306]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered October 22, 2013, which granted defendants' motion to dismiss plaintiff's complaint on the ground that it is barred by a general release executed by plaintiff, unanimously affirmed, without costs.

The court properly held that plaintiff's instant claims are barred by a prior general release executed by plaintiff. Following plaintiff's arrest on October 6, 2010, he commenced an action for assault, allegedly occurring during a search conducted at the station house subsequent to his arrest. That action was settled, and, in the stipulation of settlement, plaintiff agreed that he would be forever barred from seeking any recovery "relating to the subject incident." He then executed a broad general release, releasing all of the instant defendants from, essentially, any claims plaintiff had or could have had up to the date of the general release.

Contrary to plaintiff's assertion, that release did not apply only to the specific claims raised in the original complaint, and reference to that prior action in the release is only in the context of identifying the releasor (*compare Morales v Solomon Mgt. Co., LLC*, 38 AD3d 381 [1st Dept 2007] [where release's language clearly limited it to only one of two distinct claims against defendants, it only applied to that claim]). The general release executed by plaintiff contained no limiting language from which it could be inferred that it was only meant to apply to the specific claims made in the original action (*compare Lexington Ins. Co. v Combustion Eng'g*, 264 AD2d 319 [1st Dept 1999] [despite release's broad preliminary language, its subsequent language, and that of the accompanying settlement agreement, narrowed its scope to specific claims]).

Here, plaintiff's arrest is clearly "related to" the subsequent search conducted pursuant to the arrest, and the "words of [the] general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such . . . [preexisting] controversies [which might have been adjudicated]" (*Lucio v Curran*, 2 NY2d 157, 161-162 [1956]; *see also Broyhill Furniture Indus., Inc. v Hudson Furniture Galleries, LLC*, 61 AD3d 554, 555 [1st Dept 2009]; *cf. Kaminsky v Gamache*, 298 AD2d 361 [2d Dept 2002] [where a new controversy between the parties arose creating a situation where their release/settlement agreement of an earlier controversy would not be performed, the court erred in concluding that the release was applicable to the new controversy]). Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.