19-1078-cv
*Mateo v. Carinha*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES
    ROBERT D. SACK,
    RAYMOND J. LOHIER, JR.,
       *Circuit Judges.*

―――――――――――――――――――――――

ALLYSON MATEO,

    *Plaintiff-Appellant,*        19-1078-cv

    v.

MICHAEL CARINHA, The New York City Police Department, Detective,

    *Defendant-Appellee,*

City of New York; Detective Bello; Detective Rosario,

    *Defendants.*

―――――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**   SCOTT A. KORENBAUM, New York, NY.

**FOR DEFENDANT-APPELLEE:**   MELANIE T. WEST, Assistant Corporation Counsel, *for* Georgia M. Pestana, Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant, Allyson Mateo ("Mateo"), appeals from a March 29, 2019 judgment of the District Court granting the summary judgment motion of Defendant-Appellee, Michael Carinha ("Defendant"), in an action brought under 42 U.S.C. § 1983 alleging that Defendant violated Mateo's civil rights. The District Court concluded that a general release agreement entered by Mateo through counsel on February 8, 2017 (the "General Release") unambiguously released Defendant from liability on the claim in this suit. JA 57-58. For substantially the reasons set forth in the District Court's March 28, 2019 Memorandum and Order, we agree and affirm the judgment of the District Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Mateo commenced an action in the Supreme Court of the State of New York, Bronx County against the City of New York, alleging personal injury sustained in an incident at Rikers Island on April 28, 2013 ("*Mateo I*").[1] Mateo was represented in *Mateo I* by the law firm of Raskin & Kremins, LLP. On November 12, 2014, Mateo commenced the instant action against Defendant, among others, alleging violations of his civil rights arising out of his July 26, 2011, arrest ("*Mateo II*"). *Mateo II* was also filed by Raskin & Kremins.

On January 12, 2017, Mateo agreed to a settlement with the City of New York in *Mateo I*. JA 55-56. That same day, an attorney representing the City of New York in *Mateo I* sent an e-mail transmitting a stipulation of discontinuance, stipulation of settlement, and general release to Raskin & Kremins for execution. JA 229-31. The January 12, 2017 e-mail states that "THIS E-MAIL RELATES ONLY TO SETTLEMENT OF THE ABOVE SUBJECT MATTER – do not use the attached documents for any other settlement." *Id.* at 229. The subject line of the e-mail references the New York City Law Department's internal case number for *Mateo I*. *Id.*

In connection with the *Mateo I* settlement, Mateo's attorney, Bruce Raskin, signed a Stipulation of Settlement dated January 12, 2017 and a Stipulation of Discontinuation dated February 13, 2017. The Stipulation of Settlement states, in pertinent part, that "IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys of record, based upon

---

[1] The following recitation of the factual background is substantially taken from the District Court's opinion. JA 250-53.

full authority given by the respective parties, that this action is settled for the total amount of Fifty Thousand Dollars ($ 50,000.00)." JA 55. The Stipulation of Settlement further states that "the plaintiff(s) agree to discontinue this action with prejudice and to release and discharge the City of New York and the New York City Department of Correction . . . (hereafter, 'RELEASEES'). Plaintiff has been advised and agrees that he/she is forever barred from seeking any other recovery relating to the subject incident as against RELEASEES." *Id.*

In connection with the *Mateo I* settlement, and in addition to the Stipulation of Settlement, Mateo also signed, through counsel, the separate and notarized General Release. JA 57-58. The General Release states, in relevant part, that Mateo, "[i]n consideration of the payment of Fifty Thousand Dollars ($ 50,000.00) . . . does hereby release and forever discharge the City of New York, and all past and present officers . . . employees, agents . . . and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the 'RELEASEES,' from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which [Mateo] had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon, or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE except as indicated below, if applicable." *Id.* at 57.

The General Release further states that "[Mateo] specifically excludes from this RELEASE the following State and Civil court actions and claims (include caption and index numbers), Federal Court cases (include caption and docket numbers), and/or pre-litigation claims (include dates of incident and locations or Comptroller claim numbers) against RELEASEES." *Id.* The General Release contains three blank lines for exclusions to be specified. *Id.* Neither Mateo nor his counsel added any exclusions to the Release. The Release also contains a clause stating that it may not be changed orally. *Id.* at 58. Finally, the Release states that "the undersigned has read the foregoing release and fully understands it." *Id.*

Mateo does not argue on appeal that his claim in the present action was unknown to him at the time he signed the General Release. Indeed, the present action was filed well before, and remained active, at the time the General Release was signed. Instead, Mateo argues on appeal that (1) he did not realize that the General Release executed in connection with his state-law claim could bar his *federal* civil rights claim; (2) the terms of the General Release are rendered ambiguous when read in conjunction with extrinsic evidence; and (3) the parties to the General Release did not intend to release the claim in the present action. For the following reasons, we find Mateo's arguments to be without merit.

3

I.

We review a district court's grant of summary judgment *de novo. FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019). Additionally, we review *de novo* a district court's interpretation of a contract, including whether the contract is ambiguous. *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F. 3d 33, 41 (2d Cir. 2006).

"[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harrison–Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (internal quotation marks and alteration omitted). We consider New York law and federal cases applying New York law in interpreting the release. *See Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993). "'Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed.'" *Wang v. Paterson*, No. 07–2032, 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (quoting *Shklovskiy v. Khan*, 709 N.Y.S.2d 208, 209 (2d Dep't 2000)). "Words of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2d Dep't 2011) (alteration omitted) (quoting *Lucio v. Curran*, 157 N.Y.S.2d 948, 952 (1956)).

Mateo argues that the parties to this General Release did not intend for the release to reach the claim in the present appeal. Specifically, Mateo urges that the following extrinsic items create ambiguity in the General Release and raise a genuine dispute as to whether the parties intended the General Release to reach the present claim: (1) the text of the January 12 e-mail—"THIS E-MAIL RELATES ONLY TO SETTLEMENT OF THE ABOVE SUBJECT MATTER – do not use the attached documents for any other settlement"; (2) terms of limitation contained in the Stipulation of Settlement, *e.g.*, "This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiation"; and (3) deposition testimony from City attorneys who stated they did not know of Mateo's federal claim at the time they executed the General Release. These arguments are without merit.

We have had occasion to consider and reject nearly identical arguments to those raised by Mateo in several non-precedential summary orders affirming City-defendants' dispositive motions in light of broad release agreements. *See Walker v. Corizon*, 764 F. App'x 78 (2d Cir. 2019); *Fernandez v. City of New York*, 502 F. App'x 48 (2d Cir. 2012); *Tromp v. City of New York*, 465 F. App'x 50 (2d Cir. 2012).

The language of the notably broad General Release is clear on its face. In such cases, courts should generally interpret the contract without reference to extrinsic evidence, such as the three

4

items listed above.[2] *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000) ("[M]atters extrinsic to the agreement may not be considered when the intent of the parties can fairly be gleaned from the face of the instrument."). The intent of the parties to release the present claim is clear from the unambiguous and broad language of the release. However, even were we to consider these materials outside the four corners of the General Release, we conclude that they do not narrow the broad terms of that document. *See Ortiz v. City of New York*, 8 N.Y.S.3d 306, 306 (1st Dep't 2015) (affirming holding that a separate general release barred claims other than those "relating to the subject incident" where such limiting language was found in the stipulation of settlement but not the general release).

The General Release is a separate agreement that makes no reference to the Stipulation, contains no such limiting language, and indeed would be rendered superfluous by Mateo's interpretation. There is no genuine dispute that the broad, unambiguous language of the February 8, 2017 General Release—which was signed on behalf of Mateo by his counsel—released the present claim against Defendant. Accordingly, the judgment of the District Court must be affirmed.

## CONCLUSION

We have reviewed all of the arguments raised by Mateo on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 29, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Mateo does not expressly argue that the separate Stipulation of Settlement and General Release should be read as single contract. We conclude that these separate documents were not "part of a single transaction intended to effectuate the same purpose," *TVT Records v. Island Def Jam Music Grp.,* 412 F.3d 82, 90 (2d Cir. 2005), and consequently are not one single contract. *See also Fernandez v. City of New York*, 502 F. App'x 48, 50 (2d Cir. 2012) (reaching same conclusion).