Smith v City of New York (2025 NY Slip Op 07081)

Smith v City of New York

2025 NY Slip Op 07081

Decided on December 18, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2025

No. 116 

[*1]Johnte Smith, Appellant,
v
City of New York, et al., Respondents, et al., Defendants.

Brian J. Isaac, for appellant. 
Amy McCamphill, for respondents. 

MEMORANDUM:
The order of the Appellate Division should be affirmed, with costs.
In 2021, plaintiff commenced two false-arrest actions against the City of New York, each stemming from separate arrests the year before. Plaintiff and the City eventually settled the second of these actions. As part of that settlement, plaintiff agreed to release the City from
"any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which [plaintiff] had, now has, or hereafter can, shall, or may have . . . upon or by reason of any matter, cause, or thing whatsoever that occurred through the date of this RELEASE, except as indicated below, if applicable."
Immediately beneath this language, in bolded and all-capitalized text, the release advised plaintiff to "list below the exclusion of other actions or claims from this release," and warned that the release would cover "all outstanding [*2]actions or claims . . . unless excluded specifically by name." Plaintiff signed the document without excluding any claims, and his attorney notarized his signature.
The City thereafter moved for summary judgment in the first false-arrest action (the instant litigation) based on the release. Supreme Court refused to enforce the release based on its conclusion that the parties intended to settle only the second false-arrest action. The Appellate Division reversed in a split decision with two Justices dissenting, leading to this appeal as of right (236 AD3d 414 [1st Dept 2025]; see CPLR 5601 [a]).
This Court has repeatedly made clear that "[i]f 'the language of a release is clear and unambiguous, the signing of a release is a "jural act" binding on the parties' " (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011], quoting Booth v 3669 Delaware, 92 NY2d 934, 935 [1998], quoting Mangini v McClurg, 24 NY2d 556, 563 [1969]). "As with contracts generally, the courts must look to the language of a release—the words used by the parties—to determine their intent, resorting to extrinsic evidence only when the court concludes as a matter of law that the contract is ambiguous" (Wells v Shearson Lehman/American Express, 72 NY2d 11, 19 [1988]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]), or where such evidence establishes one of the " 'traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake' " (Centro Empresarial Cempresa S.A., 17 NY3d at 276, quoting Mangini, 24 NY2d at 563)[FN1]. With respect to mutual mistake, a "high order of evidence is required" to overcome the " 'heavy presumption that a deliberately prepared and executed written instrument [manifests] the true intention of the parties' " (Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986], quoting George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219 [1978]).
Here, the City established its prima facie entitlement to summary judgment based on the clear language of the release, and plaintiff failed to raise any triable question of fact in opposition. The City's intent to secure a release from plaintiff of "any and all" claims is evidenced by the plain text of the document it transmitted for plaintiff's signature. As the Appellate Division correctly held, there was nothing "surreptitious" about the way the release was drafted or transmitted [FN2] (see 236 AD3d at 416-417). Although plaintiff, who was represented by counsel, could have excluded this action from the release by the simple act of listing it in the space provided for that purpose, he signed the release without doing so, an objective manifestation of assent that is binding upon him notwithstanding any unilateral mistake or subsequent regret on his part (see Barclay Arms v Barclay Arms Assoc., 74 NY2d 644, 646 [1989]; Matter of Schaefer, 18 NY2d 314, 317 [1966]; Lucio v Curran, 2 NY2d 157, 161 [1956]).
Order affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided December 18, 2025

Footnotes

Footnote 1: Plaintiff relies on this Court's statement in Mangini that a release's interpretation and limitation by the parol evidence rule are subject to "special rules" (24 NY2d at 562). The only special rules we applied in Mangini concerned the release of claims relating to unknown injuries (see id. at 564). In fact, we declined to adopt other rules that courts had developed to limit the generality of release language, deeming them unreliable and unnecessary (see id. at 562-563).

Footnote 2: Because plaintiff was represented by the same attorney in both his false-arrest actions, we have no occasion to opine on whether a similar result would obtain had he been represented by different counsel in each action when he executed the release.